MITCHELL, APPELLANT, v. ARKELL, APPELLEE.

| 3 | 253 |
|---|---|
| 7 | 303 |
| 7 | 307 |

1. PUBLIC LAND—TOWN-SITE.

The title vested in the county judge by patent under § 2387 U. S. Rev. Stats., is only in trust for the occupants of the land. Occupancy of some sort must be shown as a condition precedent to obtain a conveyance.

2. REAL ACTIONS—LIEN FOR TAXES.

Where the plaintiff prevails in an action to recover land held by the defendant under a tax deed, the taxes paid thereon by the defendant

constitute a lien upon the premises, and it is error to adjudge the property to the plaintiff without decreeing the payment of the same with statutory interest.

*Appeal from the County Court of Pitkin County.*

Messrs. WILSON & STIMSON, for appellant.

No appearance for appellee.

RICHMOND, P. J., delivered the opinion of the court.

Appellee brought this suit to obtain possession of a lot in the city of Aspen, alleging in his complaint ownership in fee by a conveyance of December 1, 1887, from the judge of the county court, successor to a former county judge who had taken the title in trust from the U. S. government.

By acts of congress of 1867 and 1874, (U. S. Stat., § 2387) the judge of the county court is allowed *"to enter at the proper land office and at the minimum price, the land so settled and occupied in trust for the several use and benefit of the occupants thereof according to their respective interests,"* etc. It would seem that the title vested in the judge of the county court only in trust for the occupants; hence, that some sort of occupancy was necessary as a condition precedent, to obtain a conveyance. No occupancy or improvement of any kind is shown, or any right whatever to the lot in controversy. It appears by undisputed evidence, that from and after June, 1884, August Ruff was in the possession, having a house partly upon the lot in controversy, and that he retained such possession, had it at the time of the trial, and that no other possession had ever been held. How, under such circumstances, a title could have passed to Arkell we are not informed. But the regularity of that proceeding does not appear to have been challenged, consequently, there is no question for review here.

Appellant claims the property in fee by virtue of tax title,

having paid the taxes from 1884 to 1889, both years inclusive, and having purchased it and received a deed from a tax sale by the county treasurer, also, by a purchase and quit claim from Ruff, who had the possession.

The evidence by the plaintiff, appellee, is inconclusive and unsatisfactory. The case upon the part of the plaintiff appears to have been loosely tried. The court found for the plaintiff, but upon what grounds does not appear, nor can we see how the conclusion could have been reached from the evidence. But it is impossible for this court, from the data presented, to review the case upon its merits.

One error is palpable and must cause a reversal,—whether or not the tax title was valid and superior to the title of the plaintiff. It appears to have been conceded that he (plaintiff) had never paid any taxes, and appellant had, during all the years mentioned. If plaintiff was found to have the title, such payment of taxes inured to his benefit, was an equitable lien upon the property, and it was error to adjudge the property to him without decreeing the payment of the taxes advanced, and the statutory interest.

Session Laws of 1885, p. 320 ; *Morris, et al. v. St. Louis Nat'l Bank*, 17 Colo. 231.

The judgment is reversed and the cause remanded.

*Reversed.*