## KNOWLES v. MARTIN.

1. EVIDENCE—TAX SALE RECORD.

The tax sale record being one required by law to be kept by the treasurer, is not only competent, but the best evidence of the facts required to be stated therein, including the date of sale.

2. SAME.

The recital in a tax deed that the sale was made on a certain day, at which it would have been premature, does not preclude the showing of the fact by the tax sale record that the sale was made afterwards and at a proper time.

3. REIMBURSEMENTS FOR IMPROVEMENTS.

In all cases of recovery of lands sold for taxes the value of the improvements made on the premises must be ascertained and paid by the person recovering the same before he can obtain possession of the land so recovered.

4. TAX SALES—BACK TAXES.

The treasurer is authorized to sell not only for the amount of taxes levied the preceding year, but also for delinquent taxes for any year.

*Appeal from the District Court of Ouray County.*

Messrs. STIRMAN & HENRY, for appellant.

Mr. J. P. CASSEDY, for appellee.

CHIEF JUSTICE HAYT delivered the opinion of the court.

In the amended complaint upon which the case was tried in the court below, plaintiff alleges that she is the owner in fee simple of certain lots in the town of Ouray, and that she was then and had been for a long time in the actual and exclusive possession thereof; that the defendant, without right, claimed some right, title or interest in the premises, adverse to plaintiff. These allegations are followed by a statement of the nature of the title claimed by the defendant, as understood by plaintiff. From this it appears that the defendant claimed by virtue of a title acquired through a tax

sale of said premises made in 1880. Plaintiff seeks to have the title quieted in her.

To this complaint the defendant filed an answer denying the plaintiff's title to the property in controversy, and her possession. For further answer, the defendant alleges that he and his grantors now are and for more than eight years past have been the owners of said lots, and in the actual and exclusive possession of the same. And for a separate defense the defendant pleads the possession and the payment of taxes for more than five years last past.

The replication denies the new matter set up in the answer. Upon the issues thus joined, the case was by agreement of counsel referred to W. M. Stewart, who was appointed to take the evidence and determine the issues of both law and fact. The referee having duly qualified, a trial was thereafter had before him. As a result of this trial, the referee returned certain findings of fact and conclusions of law. These findings were generally in favor of plaintiff, except as to possession and improvements. Upon the question of possession, the finding was against the plaintiff upon the fact and upon the law. This question is, however, expressly waived in this court.

After these findings were duly filed in the district court, the court, upon exception to the same, overruled certain of the findings of fact and conclusions of law made by the referee, and in lieu thereof substituted certain other findings of fact and conclusions of law, and rendered judgment in favor of plaintiff. To reverse this judgment the defendant brings the case here by appeal.

It is contended that the district court, in overruling the findings of the referee, acted *sua sponte*, but the transcript of the record does not bear out this claim. It discloses that the action of the court was predicated upon exceptions to the report, duly filed.

The defendant's title takes its inception from a tax sale made on either the 14th or 15th day of June, 1880. The exact date becomes a matter of importance, as the property

was bid off by the county, and the treasurer had no right to sell the land to the county upon the first day of the sale, to-wit, the 14th, but did have such right upon the next day. The treasurer's deed recited that the sale was made on the 14th, while the defendant claimed that this was a clerical mistake, the record showing that the sale was not made until the 15th inst. For the purpose of proving the actual date of the sale, the defendant offered the tax sale record of Ouray county. This was excluded. The reason for its exclusion does not appear in the record. As the record offered was one required by the law to be kept by the treasurer, it was not only competent, but the best evidence of the facts required to be stated therein, including the date of the sale. The recital in the conveyance that the sale was made on the 14th day of the month did not preclude the showing of the fact that the sale was made at the proper time, and it was error on the part of the referee to reject the proffered evidence. Mills' An. Stats., sec. 3893; 2 Blackwell on Tax Titles (5th Ed.) sec. 784; *Brigins et al. v. Chandler*, 60 Miss. 862.

This case is unlike the case of *Gomer v. Chaffee*, 6 Colo. 314. In the *Gomer-Chaffee Case* the tax deed showed upon its face that the sale was made at a date unauthorized and in violation of a positive statute. In the present case the irregularity claimed does not appear from the deed itself, but plaintiff was compelled to introduce extraneous evidence to show that the 14th day of June was the first day appointed for the sale of property in 1880, in Ouray county, for delinquent taxes. The deed being regular upon its face, could be attacked in no other manner, and when so attacked it was undoubtedly competent for the defendant to introduce the same character of evidence in support of the sale.

Upon the question of improvements, the uncontradicted evidence shows that defendant made certain improvements upon the lots during the time same were held by him under the tax title. The referee found that these improvements were of a value of $250. This finding was by the district court determined to be immaterial, and not within the plead-

ings. The statute provides, sec. 2934, Gen. Stats., 1883, p. 862, that " in all cases the value of the improvement made on the lands so sold and all taxes paid after the sale thereof, with interest thereon as provided by this act, shall be ascertained * * * and paid by the person or persons recovering the same, before he, she or they shall obtain possession of the land so recovered." This provision was undoubtedly deemed salutary and necessary by the legislature to protect purchasers at tax sales; and, in case the other issues in this case were found in favor of the plaintiff, the defendant should have been allowed the value of the improvements put upon the lots at his expense.

The evidence with reference to these improvements discloses that the property was adjacent to a stream of water, and that this stream was fast washing away the lots, and thereby destroying their value; that the town of Ouray desired to bridge the stream at this point, and that defendant, for the purpose of protecting his lots, took the contract to build this bridge for $100 less than the lowest bid; that in doing the work he extended the cribbing along and upon the end of the lots and filled the same in with stone to prevent washing, and that this additional work was done at a cost of $250 to the defendant. Upon this item the referee found in favor of the defendant, and we see no reason for disturbing his findings, unless it be that the defendant did not claim for these improvements in his pleadings. This matter of improvements was not only treated as an issuable fact upon the trial before the referee, but it constituted one of the principal grounds of contention between the parties. It was tried as though it was properly in issue under the pleadings, and we think, under such circumstances, after the issue was decided against the plaintiff, she was precluded from contending that this was not an issue in the case. The defendant was contending, primarily, for the lots themselves, and did not ask to recover the value of the improvements put thereon at his expense; but, failing to prevail upon this issue, the defendant may recover the value of his improvements as the pleading

now stands, as the statute requires, as a condition precedent to the original owner recovering possession, that she shall pay for such improvements.

As it is possible that a new trial may be had, we deem it necessary to refer briefly to one other matter. The plaintiff in her complaint alleges, *inter alia*, that the premises were sold at the tax sale in 1880, for the sum of $6.84, and that "this was more than was due for taxes, interest, penalty and costs for the year 1879, and all previous years." This allegation being controverted by the answer, a question of fact is thereby raised which should be determined upon evidence, the same as any other disputed question of fact, as under our statute the treasurer is authorized to sell, not only for the amount of the taxes levied the preceding year, but also for the delinquent taxes for any preceding year. Mills' An. Stats., sec. 3887.

The judgment of the district court is reversed and the cause remanded.

*Reversed.*