## CHARLTON v. TOOMEY.

1. TAX SALES.

The statute authorizing the sale of property for taxes must be strictly complied with or the proceedings will be void.

2. SAME—PURCHASE BY COUNTY.

After property has been exposed to sale for taxes, it must be offered from day to day until the sale is concluded before it may be struck off to the county in default of another bidder.

3. TAX DEED.

A tax deed containing recitals showing that the statute has not been complied with is invalid.

*Appeal from the County Court of Pitkin County.*

Mr. WM. YOUNG, for appellant.

No appearance for appellee.

REED, P. J., delivered the opinion of the court.

From and after December, 1888, appellee was the owner of the west twenty-five feet of lot E, in block ninety-six, in

the city of Aspen. Appellant claimed to own the property in fee, by virtue of a deed executed by the county treasurer of Pitkin county, dated June 7, 1892.

The taxes upon the property for the year 1888 were $119.46, which were unpaid and delinquent, and, remaining so, the property was advertised to be sold at public sale. The sale was begun upon the 3d day of June, 1889. On the 6th day of June the property was offered for sale, and, there being no bid by others, it was bid off by the county treasurer for the county for the amount of the taxes, interest and costs. On the 16th day of May, 1892, the county of Pitkin, by its clerk, assigned the certificate of purchase to the appellant. On June 7, 1892, a deed was made by the county treasurer to appellant.

It was alleged and claimed that the sale made by the county treasurer on June 6, 1889, was irregular and void for failure to comply with the statutes. This suit was brought in equity to establish appellee's right to redeem, and to cancel the sale and conveyance under which appellant claimed title. After the hearing, a decree was entered holding the sale and conveyance void, and allowing appellee the right to redeem. This appeal was prosecuted from such decree.

No rule of law is better settled than that, in proceedings of the character out of which this controversy grew, the statute must be strictly followed. Any deviation from it and attempted exercise of discretion on the part of the officer vitiates the proceeding and renders the conveyance void. Another rule, as well established and equally as potent, is that by recitals of the instrument by which the attempt to convey is made it must affirmatively appear that every preliminary step required to divest the title of the owner was regularly taken as prescribed by law. The determination of the question requires a construction of a part of section 3888, Mills' Stats. (Gen. Stats., sec. 2918):

" On the day designated in the notice of sale, the county treasurer shall commence the sale of those lands and town lots on which the taxes and charges have not been paid, and

shall continue the same from day to day, Sundays excepted, until each parcel shall be sold, or so much of each parcel as shall be sufficient to pay the taxes and charges thereon, including all costs and penalties. If there shall be no bid for any tract offered, the treasurer shall pass it over for the time and shall reoffer it at the beginning of the sale next day, until all the tracts are sold, or until the treasurer shall become satisfied that no more sales can be effected, when it shall become his duty to bid off for the county the lands and town lots remaining unsold, for the amount of such taxes, interest and costs thereon."

The statute is plain and unambiguous. It is clear that the intention of the legislature was, *first*, that the entire property should not be sold, if by diligence and attention a purchaser could be found who would bid the amount for a portion of it; *second*, that the county should in no case become the purchaser of the property except in default of bidders.

We do not deem it essential that the property should be offered on the first day of sale, unless reached in its regular order; but, when so reached, our construction of the law is that it must be offered, and, if no outside bid is made, it must be so offered on the next and each succeeding day, until the close of the sale. It is true that the section contains the following: "Or until the treasurer shall become satisfied that no more sales can be effected." But this must be so construed as to harmonize with the balance of the section, otherwise it would invest the treasurer with an arbitrary discretion that he might exercise at any time in contravention of the balance of the section. Our conclusion is that, after being first offered, it must be continually offered from day to day until the sale is concluded; all efforts to effect a sale must be exhausted; and that the treasurer can exercise no previous discretion; and that the county can only become a purchaser of the entire tract, in default of an outside bidder, after an opportunity has been offered each day.

In *Dyke v. Whyte*, 17 Colo. 300, it is said: "The cash pur-

chaser may buy the first time the land is offered for sale. But the treasurer cannot lawfully bid off the property for the county on the first day it is offered. The land must be offered without any bidder on the first day, and reoffered on the succeeding day or days without any bidder therefor, and until the treasurer becomes satisfied that the same cannot be sold at such sale, before it can be lawfully bid off by the treasurer for the county. The statute will not uphold a county in taking the whole of any parcel of land for the non-payment of the delinquent taxes thereon, except in a case where, after allowing full opportunity to cash purchasers, the amount of the taxes and other charges cannot be realized. A cash purchaser may be satisfied to take a part of the land for the amount of the taxes and charges. The law does not wantonly allow the whole of a debtor's estate to be sacrificed when a part may suffice." And although it is not clearly said that the property must be offered from day to day until the close of the sale, it is fairly inferable from it. It is quite necessary that some clear construction should be given to guide the treasurer, and our construction seems to be clearly in harmony with the intention of the legislature and the decisions in our state courts.

It is clear from the conveyance of the treasurer and the record that the sale was not conducted in accordance with our view of the law as expressed above, and that the court properly decreed a right of redemption.

The deed of the treasurer contained recitals showing that the requirements of the statute had not been complied with as we construe it, and was not a valid deed. See Cooley on Tax., 355; *Lebanon Mfg. Co. v. Rogers*, 8 Colo. 37; *Magill v. Martin*, 14 Kan. 80; *Morris et al. v. St. Louis Nat. Bank*, 17 Colo. 231; *Mitchell v. Arkell*, 3 Colo. App. 253.

Counsel for appellant contends that the court erred in its decree in regard to costs and interest. The proceeding being in equity, and the allowance of those matters so much in the discretion of the court, we do not feel required to examine them. The decree should be affirmed.

*Affirmed.*