[No. 4608.]

CARNAHAN v. THE SIEBER CATTLE CO. ET AL.

1.  **Tax Sales—Purchase by County—Assignment by County Clerk.**

The county clerk has no authority, after the expiration of three years from date of a tax sale, to assign a certificate of purchase of land sold for delinquent taxes and bid in by the treasurer for the county.

2.  **Tax Sales—Purchase by County—Assignment of Certificate
    —Subsequent Taxes.**

Where land is sold for delinquent taxes and bid in for the county neither the county clerk nor treasurer has authority to assign the certificate of purchase until the assignee has paid the subsequent taxes on the land or such sum as the board of county commissioners may have fixed.

3.  **Tax Deeds—Recitals—Subsequent Taxes.**

Before a tax deed to the assignee of a certificate of purchase of land sold for delinquent taxes and bid in for the county is operative there must be a recital in the deed or other proper proof that such assignee has paid the subsequent taxes.

4.  **Same—Evidence.**

In the absence of a recital in a tax deed that the subsequent taxes were paid the deed is not even prima facie evidence that they were paid.

*Appeal from the District Court of Mesa County:
Hon. Theron Stevens, Judge.*

Mr. S. M. LOGAN and Mr. J. S. CARNAHAN, for appellant.

Mr. SAMUEL N. WHEELER, for appellees.

Mr. JUSTICE CAMPBELL delivered the opinion of the court.

This dispute is about lands. The appellees, in whose favor as defendants below judgment was rendered, own the same unless their title was extinguished by a tax deed or deeds upon which appellant's claim of title entirely rests. Briefly the facts are that the taxes upon these lands having become delinquent, they were, under our general revenue laws, advertised for sale by the county treasurer. At the sale no bid was made for the property, and the county treasurer purported to bid it off for and issued his certificate of purchase to the county under the authority conferred upon him by the statute.— Session Laws 1894, pp. 46, 47, sec. 5; 3 Mills' Ann. Stats. (1st ed.), sec. 3888.

More than three years after the date of this certificate appellant deposited with the treasurer the amount due thereon, and the interest due and unpaid upon the same since its date, whereupon the clerk of the county assigned the certificate to appellant, and thereafter the county treasurer issued and delivered to him a tax deed for the lands therein described.

Apparently because he was in doubt whether the county clerk or the county treasurer should make the assignment of the certificate, appellant applied for and received from the county treasurer an assignment thereof, and based upon the certificate so assigned another and a second tax deed was executed and delivered to him by the treasurer. These deeds were the only evidence of appellant's title offered or received at the trial, and the sole question here concerns their validity. The trial court held them invalid, and found in favor of appellees.

As to the deed first offered in evidence, based upon the certificate of purchase assigned by the county clerk, there can be no doubt that the trial court was right in rejecting the offer. In *Lovelace v. Tabor M. & M. Co.*, 29 Colo. 62, it was expressly ruled that a county clerk has no authority to assign such a certificate except within the specified time of three years prescribed by section 3888, *supra.*

The only other question is whether the second tax deed issued upon the certificate assigned by the county treasurer is good. A number of objections to its validity were raised below and are renewed here, only one of which will be determined, for its resolution makes the instrument inadmissible in evidence. Appellant relies upon an act published in Session Laws of 1893, pp. 428, 429, 3 Mills' Ann. Stats. (1st ed.), sec. 3900, which, in the particular now in question, is practically the same as our present

revenue law.—Session Laws 1902, pp. 132, 133, sec. 177. This section in substance provides that whenever any land is bid in for the county at any tax sale and a certificate of purchase made to the county therefor, the treasurer may assign and deliver the same to any person who desires to purchase it, upon payment of the amount for which the property was bid in by the county, with interest and penalties which have accrued thereon from the date of sale, together with the sum of one dollar for making the assignment; also the taxes assessed on the property since the date of the sale, or for such sum as the board of county commissioners at any regular meeting may decide.

This second tax deed contained proper recitals of the assignment of the certificate by the county treasurer to the appellant, and that the latter had paid to the treasurer the amount for which the property was bid in by the county, together with the interest and penalties which had accrued thereon from the date of the sale to the date of assignment. There was no recital, however, expressly or by inference, that appellant had paid the taxes assessed on the land since the date of the sale, or such sum as the county commissioners had fixed in lieu thereof to be paid in case of an assignment.

At the common law no presumption obtains that the ministerial acts preceding a tax deed, and upon which it rests, were performed, or that other acts, if any, have been complied with which the purchaser at a tax sale must perform after the sale and as a condition precedent to the issuance of the tax deed. —*Lebanon M. Co. v. Rogers*, 8 Colo. 34, 36; *Jackson v. Shepard*, 7 Cowen 88; S. C., 17 Am. Dec. 502 and note.

It is competent, however, for the general assembly by statute to provide that the tax deed may be

*prima facie* evidence of the regularity of such acts or facts. Our statute in force at the time this sale was made and the deeds executed provided for a form of tax deed for cash purchasers and made the same, when executed substantially in accordance with the statutory requirement, *prima facie* evidence of certain facts.—2 Mills' Ann. Stats., secs. 3901, 3902; Gen. Stats. 1883, pp. 859, 861. The things of which the tax deed is made *prima facie* evidence relate to facts which occurred before or at the time of the sale, and not to acts which the cash purchaser is required to perform subsequent to the sale and as a further condition precedent to his right to a deed. The form prescribed contains a recital that the purchaser has paid all subsequent taxes on the property. No statutory form has been prescribed for a tax deed where the property is bid in for the county. In such cases, however, the form prescribed for cash purchasers is a sufficient and appropriate guide to be substantially followed so far as its terms are applicable to the county as a bidder, and to be varied only so far as may be necessary to show in substance the truth of the transaction.—*Dyke v. Whyte*, 17 Colo. 296, 301; 2 Blackwell on Tax Titles, § 790; Black on Tax Titles (2d ed.), § 395 et seq.

In *Barnett v. Jaynes*, 26 Colo. 279, it is said that where the payment of subsequent taxes is required there should be a recital in the tax deed to that effect, and the court further intimated, but did not decide, that where, under section 3888, *supra,* the property is bid in by the county and the certificate of purchase assigned, payment of subsequent taxes is imposed on the assignee. This section is applicable to a case where the certificate has been assigned by the county clerk, and while it does not expressly say that the assignee shall pay subsequent taxes, we think that such requirement is fairly implied. Sec-

tion 3900, *supra,* which contains the authority for · the county treasurer to assign the certificate, expressly requires the assignee to pay all subsequent taxes, and the county treasurer has no authority to assign or deliver the certificate or make a deed to the assignee until such taxes or the sum fixed by the board are paid. The payment thereof being required of the assignee, it necessarily follows that there must be a recital in the treasurer's deed that he has done so, or other proper proof thereof made, before the deed is operative. The tax deed, certainly in the absence of recitals therein that these taxes were paid, is not even *prima facie* evidence thereof, and the trial court was right in refusing to admit the same in evidence. As there was no evidence that appellant had paid them, it is clear that section 3900, *supra,* on which appellant relies, was not observed, and the deed ought not to have issued. The judgment is therefore affirmed.      *Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE STEELE concur.