[No. 6851.]

Imperial Securities Company v. Morris.

1. Tax Deed—*In statutory form, prima facie evidence.* A tax deed which recites that the sale was made in substantial conformity with the requirements of the statute is *prima facie* evidence of everything of which the statute declares that it shall be evidence. (197)

2. ——*Deed Construed.* A tax deed recited that the treasurer did "on the 15th day of October * * * at the sale begun and publicly held on the 14th day of October * * * expose to public sale at &c. * * * in substantial conformity with the requirements of the statute * * * the real property above described" and that "at the sale so held as aforesaid * * * no bids were offered &c. * * * and the treasurer having become satisfied that no sale of said property could be had" the same was stricken off to the county. *Held* that in view of the recitation that the statute was substantially observed it was not to be inferred that the lands were not offered on the 14th of October; that the phrase "at the sale so held as aforesaid" was not to be taken as referring only to what occurred on the' day on which the lands were sold; that the statute does not require that the deed should disclose the day on which the land was first offered, and no presumption is to be indulged in contravention of the express recitals of the instrument, and the provisions of the statute. *Held,* further that the deed did not indicate that the county was a competitive bidder. (200, 203)

3. Cases Overruled, *distinguished or explained.* The rule announced in *Charlton v. Toomey,* 7 Col. Ap. 304, that the recitals of a treasurer's deed of land sold for taxes must affirmatively show that every preliminary step required to divest the title was regularly taken as prescribed by law, must be read in connection with the statute declaring the effect of the deed. The statute is not to be ignored. (197)

The opinion in *Bryant v. Miller* 48 Colo. 192, so far as it assumes that, where at a tax sale land was stricken off to the county on the second day of the sale, the deed must recite that the lands were offered on the first day, and again offered on the second day; so far as it assumes that in such case, a deed in the statutory form discloses that the lands were not offered upon the first day; and so far as it assumes that the deed must set forth the different dates upon which the lands were offered, and when the county is the purchaser must disclose when the lands were first offered, and the day of each subsequent offer, is overruled.   (203, 204)

4. Precedents.—*Opinion Often Cited*, will nevertheless be overruled if, on more mature consideration, found to announce heretical doctrine, in the absence of special reasons for applying the maxim *stare decisis.* (204)

*Appeal from Logan District Court.*—H. P. Burke, Judge.

Messrs. Allen & Webster, for appellant.

Mr. S. E. Naugle, Mr. John E. Fetzer, for appellee.

Mr. Justice Hill delivered the opinion of the court:

This action brought by the appellee is in ejectment for the recovery of one hundred sixty acres of land situate in Logan county.   Both parties claim title through tax deeds.   Under agreed statement of facts but two questions are raised.   The first is, whether the appellant's deed is void upon its face; if not, it is conceded that the judgment should be reversed, in which case the other question which involves the validity of a tax deed through which the appellee claims title, need not be considered. That portion of the appellant's deed which it is claimed makes it void upon its face reads:

"And, whereas, the treasurer of the said county did, on the 15th day of October, A. D. 1895, by virtue of the authority vested in him by law at (an adjourned sale) the sale begun and publicly held on the 14th day of October, A. D. 1895, expose to public

sale at the office of the treasurer, in the county aforesaid in substantial conformity with the requirements of the statute in such case made and provided, the real property above described for the payment of the taxes, interests and costs then due and remaining unpaid on said property; and,

WHEREAS, At the sale so held as aforesaid by the said treasurer, no bids were offered or made by any person or persons for the said property, and no person or persons having offered to pay the said taxes, interest and costs upon the said property for that year, and the treasurer having become satisfied that no sale of said property could be had, therefore, the said property was, by the then treasurer of the said county, stricken off to the said county and a certificate of sale was duly issued therefor to the said county in accordance with the statute in such case made and provided."

Counsel for appellee admit, that the deed follows the statutory form literally, except as to the blanks left for names, dates, description, etc., but insist, that it must also recite sufficient facts to affirmatively show that the proper prerequisites to a valid and legal sale were complied with, and that all the statutory requirements necessary to support a valid sale and make a treasurer's tax deed good, must be shown on the face of the deed; that the deed fails to recite the necessary prerequisites to a valid sale, under the circumstances, where it was stricken off to the county; that it affirmatively shows that the sale was irregular, though the language in the deed is in substantial compliance with the statutory form. *Charlton v. Toomey,* 7 Colo. App., 304, 43 Pac. 454, is relied upon to support this contention. In that opinion it is said, "By recitals of the instrument by which the attempt to convey is made it must affirmatively appear that every preliminary step required to divest the title of the owner was regularly taken as prescribed by law." Such was the rule of the common law; but, if it was intended by this statement to announce as a rule of law a tax deed substantially in conformity with the requirements of the statutes

is not *prima facie* evidence of the regularity of the ministerial acts preceding the tax deed, and such other matters as the statutes say it shall be *prima facie* evidence of, then such statement is directly in conflict with the opinions of this court wherein it has repeatedly been held that the statutes of this state abrogate the rule of he common law as to the proof required in such cases. This matter was gone into fully in the opinion by Chief Justice Hayt in *Waddingham v. Dickson,* 17 Colo. 223, 29 Pac. 177, wherein it was held that a tax deed, regular in form, was *prima facie* evidence of certain facts, the ninth being (as stated in the statutes) "that the sale was conducted in the manner required by law", and that this, when considered in connection with Section 3790, Mills' Annotated Statutes then in force, places the burden of overthrowing a tax deed, regular in form, upon the party claiming title adversely thereto. It follows that the rule announced in *Charlton v. Toomey, supra,* must be limited and taken in connection with the form of the tax deed prescribed by statute, otherwise it ignores the provisions of the act which provide that a deed in a certain form shall be *prima facie* evidence of certain facts. The announcement in *Charlton v. Toomey* was certainly never intended to ignore the provisions of the statutes, if it was it would be in direct conflict with numerous decisions of this court. The correct rule, as we understand it, is that if the deed is in substantial conformity with the provisions of the statute and recites therein, as this one does, as provided by statute, "that the sale was made in substantial conformity with the requirements of the statute in such cases made and provided", it is *prima facie* evidence of all matters which the statute says it shall be, unless some statement therein shows affirmatively that the requirements of the statute were not complied with.— *Dyke v. Whyte,* 17 Colo. 296, 29 Pac. 128; *Lebanon Mining Co. v. Rogers,* 8 Colo. 34, 5 Pac. 661; *Waddingham v. Dickson,* 17 Colo. 223, 29 Pac. 177; *Knowles v. Martin,* 20 Colo. 393, 38 Pac. 467; *Crisman v. Johnson,* 23 Colo.

264, 47 Pac. 296, 58 Am. St. Rep. 224; *Security & Bond Co. v. Wolfe,* 27 Colo. 218, 60 Pac. 637; *Lovelace v. Tabor M. & M. Co.,* 29 Colo. 62, 66 Pac. 892.

The next contention is, conceding *arguendo* that the rule above announced, supported by the authorities last cited, is the correct one, that the recitals in this deed show that the land was offered for sale for the first and only time on October the 15th, and on that day stricken off to the county, which, if correct, of course discloses affirmatively that the statute was not complied with in making the sale. Do the recitals in this deed show affirmatively that the property was exposed for sale for the first time the second day of the sale? It recites that the treasurer, on the 15th of October, at the sale begun and publicly held on the 14th, exposed to public sale, etc., the real property above described, etc. This recital includes a statement to the effect that the sale was begun upon October the 14th; if true, then some property had to be offered for sale upon that date; it does not state what property was offered upon the 14th, or whether this particular property was or was not offered; it is silent upon that subject. The recitals,

"Whereas, the treasurer of the said county did, on the 15th day of October * * * at (an adjourned sale) * * * expose to public sale * * * in substantial conformity with the requirements of the statute * * * the real property above described * * * and,

Whereas, at the sale so held as aforesaid by the said treasurer, no bids were offered or made by any person * * * for the said property, * * * and the treasurer having become satisfied that no sale * * * could be had, therefore, the said property was * * * stricken off to the said county," etc.

certainly do not show that the property was not exposed to sale upon October the 14th, or that October the 15th was the first time it was exposed for sale; but to the contrary, they are silent upon this subject. They disclose that it had not been sold upon the 14th, otherwise it would not have been offered upon the 15th. In consider-

ing this question it is proper to look at the other recitals in the deed, one of which is that this land was exposed to sale in substantial conformity with the requirements of the statute in such case made and provided.  Another is,

"Whereas, At the sale so held as aforesaid by the said treasurer, no bids were offered or made by any person or persons for the said property, and no person or persons having offered to pay the said taxes, interest and costs upon the said property for that year, and the treasurer having become satisfied that no sale of said property could be had, therefore, the said property was, by the then treasurer of the said county, stricken off to the said county and a certificate of sale was duly issued therefor to the said county in accordance with the statute in such case made and provided."

It is claimed that the words "at the sale so held" as used in this paragraph refer to the sale upon October 15th only.  In giving an interpretation to this language it is elementary that the instrument should be considered as a whole, when thus done they were unquestionably intended to refer to the entire sale begun upon October the 14th continuing upon October the 15th, and were not intended to be limited as referring to the one day of the sale only.

It is next claimed that the statutory form of the deed requires that the date upon which the land is exposed or offered for sale shall be set forth therein.  When applied to the date that the land was sold this is correct, but we find nothing in the form to indicate it was intended that every day the land was exposed for sale should be included in the deed; for instance the statute provides if there be no bid for any tract offered the treasurer shall pass it over for the time being and shall reoffer it at the beginning of the sale the next day.  Was it intended, where land was offered on the first day, with no bidder, and reoffered upon the second day and sold to a private individual, that the deed should disclose the date upon which it was first offered?  We do not think so, otherwise the form would have so provided.  The same rule unques-

tionably applies when the land is bid in for the county, otherwise the act would have provided for recitals to that effect, the same as it does in the form for other recitals when it is stricken off to the county. They are, that at the sale so held as aforesaid no bids were made for the property and no person or persons having offered to pay the said taxes, and the treasurer having. become satisfied that no sale of property could be had, etc. These provisions are in the form of the deed and had it been intended, where the sale was to the county; that the deed should set forth that the property was offered for sale upon two different dates, carried over, reoffered, etc., we think that the form of the deed would have thus provided; not having so provided in the deed, although other matters pertaining to the county buying, etc., are fully set forth in the form, we cannot assume that the legislature intended to require more than is called for in the form of the deed in order to make it *prima facie* evidence of certain matters. To hold otherwise would be in direct conflict with the provisions of the statutes which say that a deed, in substantially this form, shall be *prima facie* evidence of certain facts.

It is true, had the deed disclosed the sale was to the county upon the first day, it would have shown a violation of the statute, and been void upon its face, for the reason that the county cannot buy upon the first day of the sale; but in this case it is only by assuming that the property was not offered for sale upon the first day of the sale, and was exposed for the first time upon the second day, that the deed can be declared void upon its face. In other words, it is only by presuming that the law was not complied with where the deed is silent upon the question, that this result can be reached. Such a presumption would be to nullify the effect of the statutes which say that a deed in a certain form shall be *prima facie* evidence of certain facts. Such a presumption is also in conflict with the declarations in the deed to the effect that the sale was

conducted in substantial conformity with the requirements of the statutes in such case made and provided, and that the property was stricken off to the county and certificate issued, etc., in accordance with the statute in such case made and provided. These conclusions are sustained by the reasoning in *Knowles v. Martin,* 20 Colo. 393, 38 Pac. 467, where the tax deed showed a sale to the county upon the 14th of June. The court recognized that the treasurer had a right to sell to the county upon the second day of the sale. The deed did not disclose whether the 14th of June was the first or the second day of the sale. Therefore the deed upon its face did not affirmatively show that the sale occurred upon the first day. Under these circumstances the party attacking it introduced extraneous evidence showing that the 14th of June was the first day of the sale. The party relying on the tax deed offered the tax sale record to show that in fact the property had been sold on the 15th of June; held, that as the deed upon its face did not show that the land was sold upon the first day of the sale, and it being necessary for the opposing party to resort to extraneous evidence to show what was the first day, that it was error to exclude the evidence offered by the tax title claimant to show that the land was sold upon the 15th of June, or, the second day of the sale.

In *Crisman v. Johnson,* 23 Colo. 265, 47 Pac. 298, 58 Am. St. 224, it was claimed that the tax deed was void on its face because it recited a sale of a large number of noncontiguous lots *en masse.* In commenting upon this the court said:

"This claim is based principally upon the recital in the deed of a sale of a large number of lots, not numbered consecutively. This is undoubtedly some evidence that the lots are not contiguous, but we think it is not sufficient evidence to overcome the presumptions in favor of the validity of the deed, and the regularity of the proceedings, and particularly of the recitals that the lots were exposed to public sale in substantial conformity with the statute in such case made and provided. It is true this latter statement is the statement of a conclusion of law,

but the deed follows closely the language of the statute in this respect, and the statement, having the sanction of legislative authority, should be given weight by the court.''

This conclusion is likewise applicable to the facts here.

In *Lovelace v. Tabor M. & M. Co.,* 29 Colo. 62, 66 Pac. 892, the sale was to the county. The portion of the deed involved was practically the same as that under consideration, it reads:

''And whereas, the treasurer of the said county did, on the 20th day of November, A. D. 1894, by virtue of the authority vested in him by law, at the adjourned sale begun and publicly held on the 7th day of November, A. D. 1894, expose to public sale, at the office of the county treasurer, in the county aforesaid in substantial conformity with the requirements of the statute in such case made and provided, the real property above described, for the payment of the taxes, interest and costs then due and remaining unpaid on said property; and whereas, at the time and place aforesaid, Boulder county, of the county of Boulder and state of Colorado, having offered to pay the sum of two dollars, and forty-three cents, being the whole amount of taxes, interest and costs then due and remaining unpaid on said property, for all of the above described property, which was the least quantity bid for, and payment of said sum having been made by it to the said treasurer, the said property was stricken off to it at that price.''

It was claimed that the form of this deed disclosed that the county was a competitive bidder at the sale. It was held that this form of deed was substantially as prescribed by statute, 2 Mills' Annotated Statutes, section 3901, and varied only to show the truth of the transaction, in substance, that it was therefore *prima facie* evidence that the sale was conducted in the manner required by law, unless the recitals therein showed to the contrary, but that they did not indicate that the county was a competitive bidder; hence, this form of deed was sustained. We call attention to the fact that the one now under consideration is much better in form than the one last set

forth, and while the identical question under consideration here appears not to have been raised or considered in the former case, this principle was involved, and in the opinion it is said, that the deed did not indicate that the county was a competitive bidder; that the recitals therein did not show that the sale had not been conducted in the manner required by law; that a recital that a bid for the county by the treasurer for the whole of the tract does not show that it was a competitive bidder; that a recital like this, not negatived, would be presumed to establish the fact that the county was the only bidder, because such bid was the only one which the treasurer was authorized to make on behalf of the county. Applying this principle here, it follows that the treasurer, upon the second day of the sale, after becoming satisfied that no more sales could be made, had the right, in case the property had been previously offered upon the first day, after again offering it for sale, with no bidders, to have it stricken off to the county in the manner provided by statute, in which case where the deed, as the form provides, is silent upon the question of the former offers and result thereof, it must be presumed that it was offered upon the first day of the sale but not sold. In the *Tabor M. & M. Company* case, *supra*, the deed does not state or show that the land was offered for sale other than the day when it was stricken off to the county, and to now hold the deed under consideration invalid for that reason, would be to overrule the former case wherein the deed involved the identical question now under consideration.

We are not unmindful of our opinion in *Bryant v. Miller*, 48 Colo. 192, 109 Pac. 959, wherein a deed similar in form to the one under consideration was declared void on its face for the reasons now being considered, thereby making a direct conflict between the opinions in the two former cases. Neither of these cases can be distinguished from this so far as the form of the deed is concerned upon this question. If we are to follow the announcement in the *Miller* case, this deed should be held subject

to the objections urged. After more mature deliberations, however, by the court *en banc,* we are of opinion that the *Miller* case is subject to criticism: First, in assuming where a sale is to the county upon the second day of the sale, that the deed must recite that the land was offered upon the first day and again reoffered upon the second. Second, in assuming that the form of the deed discloses that the property was not offered for sale upon the first day. Third, in assuming that the deed must set forth therein the different dates upon which the property was exposed for sale. Fourth, in assuming that the deed must disclose the first day upon which it was offered and each and every day thereafter, when it was offered, where the county is the purchaser. In these respects it is in conflict with the views herein expressed and to that extent must be overruled.

We are aware that since the announcement in *Bryant v. Miller, supra,* it has several times been cited as authority upon this and other subjects by this court, as well as the Court of Appeals. An examination of those cases will disclose it was cited and accepted as a matter of course without further investigation. They also show that the ultimate conclusions, in most of them at least would have been as they are for other reasons as therein disclosed; but above and beyond all this is the more important question of being right, and unless there is some particular reason why an erroneous ruling should be followed no court should be above reversing itself when it has been clearly demonstrated that it has made a mistake in one of its conclusions, and especially so where the result has been to disregard a legislative enactment, as well as the rules announced in former opinions of this court involving somewhat similar questions; in such case the precedent should not be blindly followed simply because it has been announced.

For the reasons stated the judgment is reversed and the cause remanded.

*Reversed.*

Decision *en banc.*

CHIEF JUSTICE MUSSER and Mr. JUSTICE SCOTT dissent.