[No. 3722.]

BUCKLAND ET AL. V. FIEDLER ET AL.

1. TAX TITLES—*Void Deed.* A treasurer's deed showing affirmatively but one offer for the lands, and a sale to the county on the day of such single offer, is void upon its face.

2. —— *Deed Construed.* A deed reciting that the treasurer did, on July 11th, at a sale begun, etc., on July 7th, expose to sale the real property, etc., and the county having offered to pay the amount of taxes, etc., tne property was stricken off to it, *held* void.

3. —— *Limitation.* A void deed does not set in motion the five years' limitation. (Rev. Stat., sec. 5733.)

*Appeal from Summit District Court.* HON. CHAS. CAVEN-
    DER, Judge.

Mr. JOSEPH N. BAXTER for appellants.

Mr. JAMES T. HOGAN and Mr. QUENTIN D. BONNER for appellees.

BELL, J.

The complaint in this action is the ordinary one under section 255, Mills' Annotated Code, to quiet the title to the Tempest Lode Mining Claim, U. S. Survey Lot No. 1854, in Snake River Mining District, Summit County, Colorado, and praying that the defendants be required to set up their title or estate therein, as provided by the code, and that, upon the final hearing, the claim of title estate or interest made by the defendants be declared to be invalid and of no effect, and that the title of the plaintiffs to the premises be quieted and confirmed in them. The defendants, David J. Cook and Mary Singleton, nee Lowe, deraigned a title in fee simple from the government of the United States, through a patent of said premises, to themselves, to an undivided three-fourths interest therein, and allege that one Alice M. Hardenbrook, a non-resident of the state, who was served

by a publication of the summons, without a copy being mailed to her, claims to have and own the remaining one-fourth interest in the premises. It is further averred in the answer that the defendants, Joseph N. Baxter and Joseph N. Baxter, as trustee of the estate of Samuel Milton, deceased, have a lien on the said interest of Mary Singleton, nee Lowe. The other defendants disclaim any interest in the premises, and no appearance has been entered for the said Alice M. Hardenbrook.

For a second defense, defendants allege that the only claim of title of the plaintiffs is under a tax deed dated December 5, 1898, issued by the county treasurer of Summit County, Colorado, to the plaintiffs, based on a tax certificate obtained by said county and assigned to the plaintiffs. The defendants allege that said tax deed is void upon its face, because, among many other things, said property was not offered and re-offered for sale, as required by law, before the same could have been bid in by the county of Summit. The defendants also filed a cross-complaint setting up the same facts, in substance, as appear in the new matter in the answer, then make an offer of a return of the money paid for said certificate, together with all taxes, costs and penalties which the court might adjudge to be due and payable, and, thereupon, pray that said tax deed be cancelled; that the title to the premises be confirmed in the defendants, and for general relief. The plaintiffs made no reply to the allegations and deraignment of title in the first cause of defense in the answer, but denied the allegations in the subsequent causes of defense. At the trial the plaintiffs introduced the tax deed in evidence, the recitals of which, in part, read as follows:

"The treasurer of said county did on the 11th day of July, A. D. 1890, by virtue of the authority vested in him by law, at the sale begun and publicly held on the 7th day of July, A. D. 1890, expose to public sale,

\*   \*   \*   in substantial conformity with the requisitions of the statute,   \*   \*   \*   the real property above described, for the payment of the taxes, interest and costs then due   \*   \*   \*   ; and whereas,   \*   \*   \*   the county of Summit, in the state of Colorado, having offered to pay the sum of seven dollars and eleven cents, being the whole amount of taxes, interest and costs then due and remaining unpaid on said property,   \*   \*   \*   which was the least quantity bid for, and payment of said sum having been made by it to the said treasurer, the said property was stricken off to it at that price.''

The recitals fully establish the allegation in the answer that said property was not offered and re-offered by the treasurer before it was stricken off to the county. The deed states that the county treasurer on the 11th day of July, 1890, did expose to public sale this property and that the county bid $7.11 for the whole thereof, and this being the least quantity bid for, the property was striken off to it. It has been repeatedly held by this and the supreme court that where the recitals of a deed affirmatively show but one offer of a piece of real property for sale, and that a sale thereof is made to a county, on the first day of the offer, such deed is void upon its face. The law does not provide for a bid by a county on the offer of real estate, as recited in this case, nor for its paying the cash on a bid, as herein recited. The statute provides that, if no bid is made for any tract of land, the treasurer shall pass it over and re-offer it at the beginning of the sale the next day, and that the same must be re-offered from day to day until the treasurer becomes satisfied that the same cannot be sold at such sale, then the treasurer shall strike it off to the county. A cash purchaser may buy the first time land is offered, or at any subsequent period, but a county cannot purchase on the first day, or while there is a reasonable hope to find a cash purchaser on any subsequent day during the con-

tinuance of the sale.—*Dyke v. White,* 17 Colo., 296-300, 29 Pac., 128; *Charlton v. Toomey,* 7 Colo. App., 304, 43 Pac., 455; *Bryant v. Miller,* 48 Colo., 192-196, 109 Pac., 959; *Lambert v. Scott,* 53 Colo., 357, 358, 127 Pac., 142.

Under the above authorities, the tax deed is manifestly void upon its face, and being void upon its face, it could not set in operation the five-year statute of limitation.—*Carnahan v. Hughes,* 53 Colo., 318-19, 125 Pac., 116.

The trial court, therefore, erred in finding the issues for the plaintiff's quieting their title and decreeing the title of the defendants to be void. Wherefore, the decree of the trial court is reversed, the case remanded and the court directed to enter a decree for the defendants, quieting and confirming their title in them against any and all claims of the plaintiffs, or of any person or persons claiming under or through them, and to decree said tax deed to be void and of no effect, and that the same be cancelled, upon the defendants paying into court for the use of the plaintiffs, within a reasonable time, an amount sufficient to reimburse them for the amount for which the land was sold at the tax sale, with interest and penalties as prescribed by statute, including subsequent taxes paid by them and interest thereon; and the costs of this suit is hereby ordered to be taxed to the appellees.

*Reversed and Remanded.*