No. 10,841.

NORTH AMERICAN REALTY CO. *v.* BRADY, ET AL.

Decided March 2, 1925.   Rehearing denied April 6, 1925.

Action for recovery of real estate.   Judgment for defendants.

*Affirmed.*

1.  LIMITATION OF ACTIONS—*Tax Deed.*   Section 7429, C. L. '21, bars an action for the recovery of real estate held under tax deed if the deed is fair on its face, but not if the deed is void on its face.

2.  TAXES AND TAXATION—*Tax Deed—Validity.*   A tax deed in statutory form, containing no affirmative recitals showing that the statutes or prerequisites to obtaining it have not been complied with, is fair and not void on its face.

3.  *Tax Deed—Limitation of Actions.*   On a review of the record it is held that the tax deed under consideration was sufficient to start the running of the statute of limitations under section 7429, C. L. '21.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Mr. LAWRENCE LEWIS, Mr. BRYAN G. JOHNSON, for plaintiff in error.

Messrs. ALLEN, WEBSTER & DRATH, for defendants in error.

*En banc.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the court.

THIS is an action for the recovery of real estate.   The

complaint alleges that plaintiff is the owner in fee simple and entitled to the possession of the property; that on or about January 1, 1917, the defendants wrongfully entered upon and took possession of the premises. The defendants in their answer rely upon a tax deed, and plead the five year statute of limitations hereinafter mentioned. The replication, in substance, assails the validity of the tax deed. The trial court gave judgment for defendants upon the theory that plaintiff's action was barred by the statute of limitations. The plaintiff brings the cause here for review.

The statute of limitations in question is section 7429, C. L. 1921, reading in part as follows: "No action for the recovery of land sold for taxes shall lie, unless the same be brought within five years after the execution and delivery of the deed therefor by the treasurer, any law to the contrary notwithstanding; * * *."

The tax deed under which defendants claim was executed and delivered by the treasurer and recorded in May, 1913. This action was commenced in November, 1922, more than five years after the execution and delivery of the deed, and also more than five years after defendants took possession.

The statute of limitations, above cited, bars plaintiff's action if defendants' tax deed is fair on its face. *Wood v. McCombe*, 37 Colo. 174, 86 Pac. 319, 119 Am. St. Rep. 269; *Williams v. Conroy*, 35 Colo. 117, 83 Pac. 959. On the other hand, the statute is not a bar, and is not applicable, if the tax deed is void on its face. *Crisman v. Johnson*, 23 Colo. 264, 47 Pac. 296, 58 Am. St. Rep. 224.

The only question necessary to be now determined is: Is defendant's tax deed void on its face? The property was sold for a delinquent special tax in the year 1896. The plaintiff in error contends that the tax deed is void on its face because it fails to contain recitals showing compliance with the statute then in force (chapter 144, S. L. 1893. pp. 430, 431) providing that no purchaser or assignee of such purchaser shall be entitled to a deed for lands pur-

chased unless he shall serve or cause to be served a notice upon the occupant of the land and upon the person against whom it was assessed, and unless he shall also make and cause to be recorded an affidavit as to the service of such notice.

The tax deed was in the form then prescribed by statute (section 3901, M. A. S. 1891). That form did not prescribe or contain the recital which plaintiff in error contends must have been in the deed in order to make it fair on its face. In other words, the statutory form did not contain the recital found in the form prescribed by the act of 1902 (section 5729, R. S. 1908), concerning the amount for which the property was assessed, and that "all the provisions of the statutes prescribing prerequisites to obtaining tax deeds have been fully complied with." The sale having been held in 1896, it was not necessary that the deed follow the form prescribed in 1902. It was necessary only to be in substantial conformity with the statutory form prescribed at the time of the tax sale, and this it was.

In 37 Cyc. 1435, it is said that, "if the deed follows the statutory form, it must be held sufficient no matter what objections may be taken to the recitals or want of them." The defendants' tax deed was in statutory form, and, moreover, it contained no recital showing that the Act of 1893 or any other act was not complied with. A tax deed in statutory form, containing no affirmative allegations showing that the statutes, or prerequisites to obtaining it, have not been complied with, is fair and not void on its face. *Imperial Securities Co. v. Morris,* 57 Colo. 194, 141 Pac. 1160. Such was defendants' deed. The plaintiff in error in support of its contention that the tax deed is void on its face cites *Carnahan v. Sieber Cattle Co.,* 34 Colo. 257, 82 Pac. 592. That case is not applicable here. There the deed in question was relied upon as proof of title, and the omitted allegation was held essential to make the deed prima facie proof of such title. In the instant case the deed is relied on as one sufficient to start the running of the statute of limitations.

Under the authorities already cited, the execution and delivery of defendants' tax deed started the running of the statute of limitations, above cited.. The trial court correctly held that plaintiff's action was barred by such statute. There was no error in rendering judgment for defendants.

The judgment is affirmed.

MR. JUSTICE CAMPBELL dissents.

MR. JUSTICE DENISON and MR. JUSTICE BURKE specially concurring.

The plaintiff claims the direct government title, the defendants under a tax deed based on a sale in 1896 for the tax of 1895. This deed was issued in 1913. It does not recite the giving of the notice required by the act of 1893, but it does not show that the valuation was such as to require that notice. It affirmatively recites no fact which makes it void. The defendants invoke the statute of limitations. If this deed is void on its face the statute of limitations cannot avail defendants; if not, the statute takes effect.

The question then is: Is a tax deed void on its face because it fails to recite an essential prerequisite to its issue when the necessity for that prerequisite does not appear on its face? If it shows that the sale was in violation of a positive statute, the tax deed is void on its face (*Gomer v. Chaffee*, 6 Colo. 314; *Knowles v. Martin*, 20 Colo. 393, 395, 38 Pac. 467), but if extraneous evidence is necessary to show the illegality the deed is not void on its face. *Knowles v. Martin, supra; Imperial Securities Co. v. Morris*, 57 Colo. 194, 200, 141 Pac. 1160.

In the present case extraneous evidence is necessary to show that notice before the issue of the tax deed was necessary, because the tax deed does not show that the amount of the assessed valuation was such as to require notice.

The tax deed is therefore not void on its face. *Carnahan v. Sieber Cattle Co.*, 34 Colo. 257, 82 Pac. 592, and *Richards v. Beggs*, 31 Colo. 186, 72 Pac. 1077, are not in conflict with this conclusion because they do not relate to the question of the face of the deed, but to its ultimate validity and they merely hold that all essential prerequisites to the issue of the deed must be recited in the deed or otherwise proved.

The conclusion is that the statute of limitations bars plaintiff's action.