10  149
29  66

1. Under the statutes the whole of a county may be required to pay the charges incurred in staying the spread of contagious disease therein, instead of that portion thereof constituting the certain community wherein the disease was first discovered.
2. Repeals by implication are not favored.

*Appeal from District Court, Saguache County.*

APPELLEES, on the 9th day of July, A. D. 1883, presented to the county commissioners of Saguache county, and asked to have allowed, the following bills for services rendered and necessaries furnished in small-pox cases in the town of Bonanza, in said county: Mrs. Alice N. Hunt, bath-tub, $15; Mrs. Anna Gray, nurse, $40; Decker Bros., drugs, etc., $35; Decker Bros., drugs, etc., $24; W. L. Taylor, guard, $17.50; W. L. Taylor, guard, $63; John M. Brown, messenger, $63; Edward Nathan, guard, $129; Edward Nathan, guard, $46.50,— which bills were disallowed by the commissioners; from which appeal was duly taken to the district court for said county, and was there duly heard on the 15th day of September, 1883, upon the following stipulation:

"The said parties hereby agree upon the following statement of facts, and submit the same to the court for the determination of the points in controversy hereinafter specified. The points agreed upon are as follows: That there is now, and has been since the year 1881, within the county of Saguache, state of Colorado, an incorporated town designated and known as the town of Bonanza City; that said town has now, and has had since 1881, a duly elected and qualified board of trustees; that the board of trustees of said town for the years 1882 and 1883 appointed a board of health of, in and for said town, which said board of health qualified and acted as such board of health in pursuance of such appointment; that said board of health, so acting, were notified that

certain persons residing within said town of Bonanza City aforesaid were infected with a disease dangerous to the public health, to wit, small-pox; that on receiving such notice, said board of health proceeded to act as pro-vided in sections 2093 and 2094 of the General Laws of the state of Colorado, which action was as follows: They purchased through one of their members, J. R. Ramsey, physician of the board, medicine, drugs, etc., from Decker Bros., as shown by bill presented to board of county commissioners, and certified as part of record and proceeding had before said board, and that they deemed the same necessary for the safety of the sick and the inhabitants of the town; that the physician deemed a bath-tub necessary for the safety of the sick, which the said board purchased from Mrs. Alice Hunt, as per bill rendered commissioners; that they employed Anna Gray as a nurse, which they provided to take care of the sick; that the infected persons could not be removed without endangering their health; that they, the said board of health, provided for said infected persons in the houses in which they were; that said board of health thought it necessary for the safety of the inhabitants that two guards, one at night and one by day, be employed to guard said premises and prevent the spread of said disease, for which purpose they employed W. L. Taylor and Edward Nathan, as per bills presented to county commissioners and made part of this record; that said board of health deemed it necessary for the safety of the inhabitants that a messenger be employed to bring to and take from the infected premises such things as were needed by the nurses or sick, for which purpose they employed J. M. Brown, as per bill rendered county commissioners and made part of the record hereto; that, after the disease had been suppressed, the several parties presented their bills to the county commissioners for payment; that the board of county commissioners had no notice of the contracting of such bills till presented; that the board of

county commissioners disallowed said bills on the ground that the county was not liable therefor.

"The points in controversy, and upon which the decision of the court is asked, are as follows: The foregoing bills having been contracted by a duly appointed and organized board of health within the county of Saguache, when said board of health is the board of health of an incorporated town, is or is not the county liable therefor?"

Upon the foregoing statement of facts, the district court found as follows: "That there is due from the defendant to the respective plaintiffs individually, by occasion of the premises specified in said statement of facts, as follows: To J. W. Decker, the sum of $59.50; to Mrs. Alice A. Hunt, the sum of $15; to Mrs. Anna Gray, the sum of $40; to W. L. Taylor, the sum of $80.50; to Edward Nathan, the sum of $176; and to John M. Brown, the sum of $63." Whereupon the court entered judgment against the county of Saguache for said several sums in favor of the said plaintiffs, respectively, and for costs; from which judgment the defendant appealed to this court.

Mr. George Tucker, for appellant.

Mr. J. M. Denny, for appellees.

Stallcup, C.   Is the county liable for these charges? is the question here presented and argued.   It is urged upon the part of the appellees that the county is liable for these charges, under the provisions of sections 2643 and 2644 of the General Statutes of 1877, which are sections 2093 and 2094 of the General Laws, and are as follows:

"Sec. 2643. When any person coming from abroad, or residing within any town, city, or county within this state, shall be infected, or shall lately before have been infected, with the small-pox, or other sickness dangerous

to the public health, the board of health of the town, city, or county where such person may be, shall make effectual provisions, in the manner in which they shall judge best, for the safety of the inhabitants, by removing such sick or infected person to a separate house, if it can be done without danger to his health, and by providing nurses and other assistance necessary, which shall be at the charge of the county to which he belongs.

"Sec. 2644. If any such infected person cannot be removed without danger to his health, the board of health shall make provision for him, as directed in the preceding section, in the house in which he may be, and in such case they may cause the persons in the neighborhood to be removed, and may take such other measures, in respect to the same, as they may deem necessary for the safety of the inhabitants."

The title of this act is, "An act to preserve the public health." It was approved February 24, 1877, and the first section thereof provided that the county commissioners should constitute the board of health of the county.

Upon the part of the appellant, it is conceded that, if these provisions were not repealed, the county is thereby liable; but it is urged by appellant that by force of the provisions of section 3312 of the General Statutes, being a subsequent enactment, the above-quoted provisions of the former act in this regard are necessarily repealed.

The said provisions of said section 3312 are as follows: "The city council and board of trustees in towns shall have the following powers: * * * *Third*. To levy and collect taxes for general and special purposes on real and personal property. * * * *Forty-sixth*. To appoint a board of health and prescribe its powers and duties. *Forty-seventh*. To enact and establish hospitals and medical dispensaries, and to control and regulate the same. *Forty-eighth*. To do all acts and make all regulations which may be necessary or expedient for the promo-

tion of health or the suppression of disease." The title of this act is, "An act in relation to. municipal corporations," and·was approved April 4, 1877.

There is no repeal of the former provisions by the latter. The two do adjust and stand together. By these provisions of the legislature, the whole of the county may be required to pay the charges incurred in staying the spread of contagious disease therein, instead of that portion thereof constituting the certain community wherein the disease is first discovered. Repeals by implication are not favored. *Scofield v. White,* 7 Cal. 400; *People v. San Francisco & S. J. R. Co.* 28 Cal. 254; *Walker v. State,* 7 Tex. App. 245; *Chesapeake & O. R. Co. v. Hoard,* 16 W. Va. 270; *Parker v. Hubbard,* 64 Ala. 203.

The judgment should be affirmed.

RISING and MACON, CC., concur.

PER CURIAM. For the reasons assigned in the foregoing opinion the judgment is affirmed.

*Affirmed.*