BOARD COUNTY COM'RS LARIMER COUNTY v. LOVE.

1. WHEN OFFICERS ENTITLED TO MILEAGE IN SEVERAL CASES FOR SAME JOURNEY TRAVELED.— Under General Statutes, section 1441, allowing officers fifteen cents for each mile "necessarily" traveled in serving process, a sheriff who served process issued in different cases at the same place and on the same journey is entitled to mileage in each case for the entire distance.

2. BUT ONE MILEAGE FEE FOR THE SAME JOURNEY COLLECTIBLE IN THE SAME CASE.— When an officer serves a number of writs in the same case upon a single journey, he is entitled to receive but one mileage fee.

*Error to District Court of Larimer County.*

Messrs. WELLS, McNEAL & TAYLOR, for plaintiff in error.

Messrs. T. M. ROBINSON, EPH. LOVE, *pro se*, E. A. BALLARD and SANFORD DARRAH, for defendant in error.

CHIEF JUSTICE HELM delivered the opinion of the court.

The question presented by the record before us may be stated as follows: When a sheriff serves "processes" issued in different criminal cases at the same place and upon a single journey, is he entitled to mileage in each case for the entire trip?

The statute controlling the present controversy allows that officer fifteen cents per mile for each mile "necessarily" traveled in performing the duties mentioned. Gen. St. § 1441.

It is unquestionably against the policy of the law to allow public officers compensation for constructive services, but there is a divergence of opinion as to whether certain alleged services are, or are not, to be treated as constructive. For instance, suppose the sheriff travels thirty miles, and at the same place serves a process in each of two separate cases, can it be said that his mileage is actual in one of the cases and constructive in the other? If so, in which case is it actual, and in which constructive? No matter how the selection be made, it will prove neither equitable nor satisfactory. Or, suppose the parties upon whom processes are thus served reside at different distances, but in the same direction, from the county-seat, so that if served separately mileage in one case would be charged for twenty, and in the other for thirty, miles. Obviously, the total mileage for the thirty miles traveled could not be charged to the suitor whose process only required a trip of twenty miles; while to charge the whole amount against the other litigant and none against him would be sure to produce the most vigorous protest. These hypothetical cases are verified by

actual experiences upon every secular day. They show both the injustice and impracticability of treating the mileage as actual in one case, and constructive in the other.

But it is claimed that the difficulty in all such cases as those supposed would be easily obviated by an equitable apportionment of the mileage fee among the different prosecutions or suits. This proposition is reasonable in theory, but the wisdom of attempting its practical application must be doubted.

No distinction can be discovered upon principle between mileage fees in criminal and civil cases, and none is made, in the respect now under consideration, by statute.

Judicial causes, whether civil or criminal, are separate things. They are distinct entities in litigation. Unless otherwise specially stipulated or ordered, they are brought, conducted and determined entirely independent of each other. Fees are taxed, and a fee-bill is rendered as a part of each particular case. Costs are ordinarily not expected to vary in accordance with the multiplicity or decrease of other contemporaneous actions. It is usually deemed enough for each suitor to take care of his particular suit, and the courts generally have their hands full in administering justice, without a commingling of different cases. But suppose the rule of equitable apportionment, above suggested, be adopted; the extent of a party's liability in his particular case is no longer determined exclusively by the proceedings in connection therewith. It depends upon fortuitous circumstances not growing out of the controversy which he is prosecuting or defending. If the sheriff's apportionment of mileage fees were always acquiesced in, the matter would be at least partially shorn of its seriousness and difficulty. But his action in this regard would be constantly challenged. He would often serve processes in a number of different cases at the same time, and his apportionment would be subjected to the critical analysis of as many losing litigants. Many elements of uncertainty, and grounds for imputing fraud, would enter into consideration, and ultimately be-

come subjects of judicial cognizance, for the courts would almost certainly be called upon to determine the disputes resulting. A peculiar field of jurisprudence would thus be entered, and a vast amount of time would be consumed by the judiciary of the state that should be given to the transaction of other business. Moreover, it might happen that no one of the cases blended in this particular could be finally disposed of and passed from the docket, without a similar determination of all the others.

No rule, legislative or judicial, can be adopted to govern the matter in hand that will not be obnoxious to plausible objections; but, upon careful consideration, we are of the opinion that mileage should be allowed in each particular case. We hold that different causes, separately prosecuted and tried, should not be commingled in the taxing and apportionment of these costs, and that the time of the courts is not to be consumed in the difficult and unsatisfactory arbitration of fees between different losing suitors, having no community of interest otherwise, in pending litigation.

The foregoing view we believe to be in accordance with the spirit and purpose of the statute, which, in our judgment, does not contemplate such complex and impracticable proceedings. It is also supported, as above shown, by strong considerations of justice and expediency. The officer might be compelled to make a separate trip in each case, and, though serving a number of processes issued therein, he would receive but a single mileage fee. Under these circumstances, the suitor ought not to complain. His mileage fees, thus computed and allowed, will not be unreasonable, and he is as fully protected as he can well be in practice. If the sheriff manages to serve processes in different cases upon a single journey, he is fortunate, but his good luck at one time will be more than offset by loss of fees and other misfortunes at another. Thus, on the whole, he is not likely to receive more than the reasonable mileage contemplated by the statute. The judgment of the district court is affirmed.                                    *Affirmed.*