RATHVON ET AL. v. WHITE.

1. CROSS-DEMANDS AND COUNTER-CLAIMS — EVIDENCE ON DECEASE OF
   ONE PARTY.— Section 58 of the Civil Code, which provides that,
   where cross-demands exist between two persons, neither shall be de-
   prived of the benefit of counter-claim in suit by the assignment or
   death of the other, does not prescribe a rule of evidence nor affect
   the mode of proof existing at the time of its adoption.

2. STATUTORY DISQUALIFICATION OF A PARTY, AS WITNESS, NOT RE-
   PEALED.— This provision, therefore, does not repeal section 3641,
   General Statutes, which, with specified exceptions, forbids one party
   to a suit testifying where the adverse party is executor or adminis-
   trator of a deceased person, and the matter in controversy existed
   prior to decedent's demise.

3. REPEALS BY IMPLICATION.— Repeals by implication are not favored.
   They are never recognized if there is serious doubt concerning the
   legislative intent.

*Appeal from District Court of Saguache County.*

Mr. JAS. M. DENNY, for appellants.

Mr. C. D. JONES and Mr. O. P. ARTHUR, for appellee.

CHIEF JUSTICE HELM delivered the opinion of the court.

White, as administrator of the estate of James B. Smoot, deceased, brought the present action upon a promissory note given Smoot in his life-time by Rathvon & Co. Defendants pleaded set-offs aggregating upwards of $230. These set-offs were alleged to have been due and payable prior to Smoot's death. The cause reached the district court by appeal, and judgment was there rendered for plaintiff.

At the trial the deposition of Samuel F. Rathvon, who had been the leading member of the firm of Rathvon & Co., touching the alleged set-offs, was offered in evidence by defendants. Upon objection, this deposition was rejected, under the inhibition imposed by section 3641, General Statutes.

The ruling of the court in this regard constitutes the only assignment of error discussed by counsel for appellant. It is therefore the only assignment that will be noticed in the present opinion.

The statute referred to provides that "no party to any civil action, suit or proceeding, or person directly interested in the event thereof, shall be allowed to testify therein by his own motion, or in his own behalf, * * * when any adverse party sues or defends as * * * the executor or administrator * * * of any deceased person, * * * unless when called as a witness by such adverse party so suing or defending; and also except in the following cases."

Rathvon was a party to the suit, and there is no dispute but that he was interested in the result. The alleged counter-claims were due prior to the death of Smoot. It is not asserted that the testimony in question was admissible under any of the exceptions enumerated in the statute. It is clear, therefore, that it was within the legislative inhibition. *Whitsett v. Kershow*, 4 Colo. 419; *Gilham v. French*, 6 Colo. 196; *Levy v. Dwight*, 12 Colo. 101.

But counsel for appellant contends that section 58, Civil Code 1887, so far modifies the foregoing statute as to render the testimony here offered competent. This section reads: "When cross-demands have existed between persons under such circumstances that if one had brought an action against the other a counter-claim could have been set up, neither shall be deprived of the benefit thereof by the assignment or death of the other, but the two demands shall be deemed compensated so far as they equal each other."

We cannot accept the view of this provision insisted upon. It is evident that in the legislative mind at least doubt existed as to the *status* of ripened counter-claims in cases of assignment or death. To put this doubt at rest the statute in question was enacted. It simply provides that the happening of either of these events shall not affect the right to plead and rely upon the set-off in case of suit. It does not prescribe a rule of evidence, nor does it purport

to affect in any way the mode of proof existing at the time of its adoption.

The wisdom and justice of said section 3641 are not questioned. It has been in force for many years, and a similar provision exists in most, if not all, of the states. The construction of the new statute urged upon us obviously nullifies almost entirely the force of that provision, in so far as it relates to suits by executors or administrators of deceased persons. The change thus wrought would be sweeping, and it should be evidenced by unequivocal language. The repeal, if repeal there be, is by implication. But repeals of this kind are not favored; they are never recognized if there is serious doubt concerning the legislative intent. To proclaim such a repeal in the present case would be wholly unwarranted. Therefore, we must hold that the rejection of Rathvon's deposition was not error.

There being no error in the ruling challenged, the judgment of the district court is affirmed.

*Affirmed.*