[No. 4105.]

Lovelace et al. v. The Tabor Mines and Mills Co.

1.  Statutory Construction.—Repeal.

    Where there is an apparent conflict between two statutes, in the absence of a clear legislative intent to substitute the new for the old law the latter statute will not be construed to repeal the previous statute on the same subject unless there is such a positive repugnance that the two cannot consistently stand together.

2.  Same—Tax Sales—Property Bid in by County—Assignment of Certificate.

    The act of 1894 (Session Laws 1894, page 46, Mills Ann. Stat. § 3888) providing that where property is bid in by the county at a delinquent tax sale, any person may at any time, within three years from the date of the certificate deposit with the county treasurer the amount due upon such certificate with interest, whereupon the county clerk shall assign the certificate to such person, does not repeal the act of 1893 (Session Laws 1893, p. 428; Mills Ann. Stat. § 3900) providing that where property is bid in by the county at any tax sale and a certificate of purchase is issued to the county, the treasurer may sell or assign such certificate to any person who shall desire to purchase, upon the payment of the amount for which such property was bid in, with interest and penalties accrued thereon, or such sum as the board of commissioners at any regular meeting may decide, without any limitation as to the time within which such assignment shall be made. Under the last named section such certificate may be assigned by the treasurer and board of commissioners after the expiration of three years from the date of the certificate.

3. TAX DEEDS—EVIDENCE.

A tax deed is *prima facie* evidence that the sale was conducted in the manner required by law unless the recitals therein show to the contrary.

4. SAME—PROPERTY BID IN BY COUNTY.

Where property was bid in by a county at a tax sale and the certificate therefor was assigned, a recital in the deed to the assignee that the county bid the amount of the tax, interest and costs for all of the property, which was the least quantity bid for, without stating that there was no other bid, the recitals of the deed do not show that the county was a competitive bidder, but it will be presumed that the county was the only bidder.

*Appeal from the District Court of Boulder County.*

This action was commenced by appellee, as plaintiff, against appellants, as defendants, to annul a tax sale certificate and tax deed issued thereon to an interest in the Silver Point lode. For answer the defendants claim title to this interest under a tax deed, set out *haec verba*, which substantially conforms in its recitals with the requirements of 2 Mills Ann. Stat. § 3901, which provides for the form of tax deeds. In this deed it is stated:

"Whereas, at the time and place aforesaid, Boulder County, of the County of Boulder and State of Colorado, having offered to pay the sum of two dollars and forty-three cents, being the whole amount of taxes, interests and costs then due and remaining unpaid on said property, for all of the above described property, which was the least quantity bid for, and payment of said sum having been made by it to the said treasurer, the said property was stricken off to it at that price."

It also appears from this deed that the tax sale certificate upon which the deed was issued was assigned to defendants on the 13th day of September,

1898, and that the date of such certificate was November 20th, 1894. To this answer plaintiff interposed a general demurrer which was sustained, and the defendants having elected to stand by their answer, judgment was rendered in favor of plaintiff, annulling the tax certificate and tax deed in question. From this judgment the defendants bring the cause here for review on appeal.

Messrs. RISING & MARSHALL, and Mr. HERMAN RUSSELL for appellants.

No appearance for appellee.

Mr. JUSTICE GABBERT delivered the opinion of the court.

No appearance has been entered for plaintiff. We are advised, however, from the brief of counsel for defendants, that in the court below it was contended that the tax deed was void upon its face for two reasons: (1) Because it shows that the assignment of the tax sale certificate was not made to the defendants by the county within three years from the date of its issuance; (2) that the recitals in the deed quoted show affirmatively that the county was a competitive bidder at the tax sale. These are the only questions we shall determine.

According to the recitals in the tax deed, it appears that the tax sale ceritficate was assigned to the defendants more than three years after its issuance. Whether or not this is fatal to the validity of the tax deed depends upon the construction of sections 3888 and 3900, 3 Mills Ann Stat. The first of these sections as it now stands, was passed in 1894, sec. 5, Laws 1894, p. 46, by which it was provided, in so far as it relates to the assignment of tax sale certificates

issued to a county, that "Any person may at any time within three years from the date of such certificate deposit with the treasurer of such county the total amount due upon such certificate, due and unpaid, and interest thereon since the date of such certificate, whereupon the clerk of the county shall assign such certificate to such person.  *   *   *."

By the second section, which was passed in 1893— Sec. 1 Laws 1893, p. 428—it is provided with respect to the assignment of tax certificates by counties, that "whenever any lot or parcel of land  *  *  * shall be bid in by or for the county, at any tax sale  *  *  * and a certificate of purchase shall be made to such county therefor, the treasurer may sell, assign and deliver such certificate to any person who shall desire to purchase the same upon payment to the treasurer of the amount for which such property was bid in by the county, with interest and penalties accrued thereon from the date of sale  *  *  * or for such sum as the board of county commissioners at any regular meeting may decide."

As section 3888 was passed subsequent to section 3900, the material question to determine is, whether or not the provisions of the former with respect to the assignment of tax certificates issued to a county repealed the provisions of the latter on the same subject. If such a repeal was effected, it is only by implication that such is the result. Repeals of this character are not favored. Where there is an apparent conflict between two statutes, the latter in the absence of a clear legislative intent to substitute the new for the old law, will not be adjudged to effect a repeal of the previous statute on the same subject, unless there is such a positive repugnancy that the two cannot con-

sistently stand together. *Schwenke v. Union Depot*, 7 Colo., 512; *County of Saguache v. Decker*, 10 Colo., 149; *Rathvon v. White*, 16 Colo., 41; *Canfield v. City of Leadville*, 7 Colo., App. 453.

The act in which section 3888 *supra* is found, is entitled "An act concerning penalties and interest on delinquent taxes, and providing for the manner of advertising and collecting the same, and repealing all acts in conflict therewith." Laws 1894, p. 45. It does not purport to directly amend or repeal any previous statute. All it states with respect to repeal is to the effect that all statutes in conflict with its provisions are repealed—Laws 1894, p. 48. The first act conferring authority upon a county to purchase property at a tax sale was passed in 1879—Laws 1879, p. 155; Gen. Stat. sec. 2918; 2 Mills. Ann. Stat. § 3888. The same act also provided for the assignment of certificates of such purchase at any time within three years from their date. There does not appear to have been any direct provision at this time authorizing a county to take a tax deed. In 1885, to remedy this defect and to place counties on the same plane with other purchasers, a law was passed, authorizing the issuance of tax deeds to a county upon tax sale certificates issued to it—Laws 1885, p. 323, sec. 1; Gen. Stat. sec. 2930; 2 Mills Ann. Stat. § 3900. In 1893 this section was amended, whereby the right of a county to a tax deed was taken away, but in lieu thereof, the county treasurer was authorized to assign a tax sale certificate, issued to the county at any time upon payment of the amount, with interest and penalties called for by such certificate, or for such sum as the board of county commissioners might direct—Laws 1893, p. 428, sec. 1; 3 Mills Ann. Stats. § 3900.

In 1894, under the title above quoted, without any attempt to amend or repeal any specific law on the subject, the legislature again passed an act which imposed a limitation of three years within which the county clerk might assign tax certificates of sale issued to a county. There is no such repugnance between these two sections, and the law of 1893 above referred to, that the two cannot consistently stand together. The purpose of permitting counties to become the purchasers of property for delinquent taxes and the other provisions on the subject noticed, is to enable them to enforce the revenue laws. When a county was empowered to take a tax deed, the limitation within which the county clerk could assign a tax sale certificate issued to it did not prevent a county from realizing upon its tax sale certificate. When, however, the right to such deed was taken away, it was not only proper, but necessary, that no time limitation as to the assignment of such certificate should be imposed. Otherwise, the county would be placed in the anomolous position of being the purchaser of property upon which it might not be able to realize. So that, while in 1894 the legislature appears to have imposed a limitation upon the authority of the county clerk, to assign tax sale certificates, it cannot be said that it was the intent of the legislature to substitute this provision for that contained in the act of 1893, in the absence of a specific declaration to that effect. One simply gives to the county clerk authority to assign such certificates under certain conditions, and within a specific time, while the other confers upon the treasurer and the board of county commissioners this power, without any limitation as to time.

The form of the deed in question is that prescribed

by statute—2 Mills Ann. Stat. § 3901,—varied only to show the truth of the transaction in substance. It is, therefore, *prima facie* evidence that the sale was conducted in the manner required by law, unless the recitals therein show to the contrary—Subd. 9, § 3902, 2 Mills Ann. Stat. *Dyke v. Whyte,* 17 Colo. 296; *Waddingham v. Dickson,* 17 Colo. 223; *Lebanon Mining Co. v. Rogers,* 8 Colo. 34; *U. S. Security Co. v. Wolfe,* 27 Colo. 218; 1 Colo. Dec. 259.

These, as above quoted, do not indicate that the county was a competitive bidder. The statute defines the highest bidder to be "the person who offers to pay the amount due on any parcel of·land for the smallest portion of the same,"—2 Mills Ann. Stat. § 3894. A bid, therefore, for the whole of any tract, must be presumed to have been the only one made. Further, the statute—3 Mills Ann. Stat. § 3888,— does not permit the county to become the purchaser of less than the whole of any tract. In this instance the county bid off the whole of the premises in controversy. After exhausting all reasonable efforts to secure private purchasers by following the method prescribed by statute, it becomes the duty of the county treasurer "to bid off for the county the lands and town lots remaining unsold for the amount of such taxes, interest and costs;" so that a bid for the county by the treasurer for the whole of a tract does not show that it was a competitive bidder, but to the contrary, for the reason that a recital to this effect, not negatived, will be presumed to establish the fact that the county was the only bidder, because such bid was the only one which the treasurer was authorized to make on behalf of the county.

The answer was not subject to successful attack by general demurer for either of the grounds considered.

The judgment of the district court is reversed and the cause remanded, with directions to overrule the demurrer to the answer.

*Reversed and Remanded.*