[No. 6860.]

HALDEMAN v. CITY OF COLORADO CITY.

1. MUNICIPAL CORPORATION—*Power to define nuisance*—Under sec. 6525 Rev. Stat. the city council of a city, or the board of trustees of a town may declare horses, cattle, sheep, swine, goats, or other like animals running at large within the corporate limits, a nuisance, and impose a fine on any person permitting it—(235).

2. ——*Statutes construed—Act of April 9, 1907*—Providing a system of procedure where animals are found running at large within the limits of a municipality, contrary to ordinance, has not the effect to take away the power preciously vested in municopal corporations to proceed personally against one permitting the nuisance. It was intended merely to provide that when by ordinance an animal found unlawfully at large is directed to be impounded, the ordinance should provide for its enforcement in the manner there prescribed—(237).

3. STATUTES—*Repeal by implication—Not favored.*

A statute providing that where an animal is impounded, because found at large within corporate limits, in violation of ordinance, a certain notice shall be given to the owner, that the animal shall be sold in a manner specified, if not claimed, and providing for the disposition of the proceeds does not repeal a prior statute authorizng a fine upon the person guilty of permitting the nuisance—(236-237).

4. MUNICIPAL CORPORATIONS — *Ordinance.—.Enforcement —* Where a fine is provided by ordinance as a punishment for its violation, the person sought to be charged must have actual notice of the accusation, and his day in court—(237).

5. PRACTICE *in the* SUPREME COURT—*Verdict on Conflicting Evidence*—Will not be reviewed, where there is sufficient in the record to support it—(238).

*Error to El Paso County Court.*—HON. ROBERT KERR, Judge.

MR. J. W. KRIEGER, for plaintiff in error.

MR. JOHN R. WATT, for defendant in error.

MR. JUSTICE HILL delivered the opinion of the court:

The plaintiff in error was convicted of violating Section 1 of an ordinance of Colorado City, passed May 4th, 1908. It reads as follows:

"It is hereby made and declared to be unlawful and a nuisance for horses, asses, mules, cattle, sheep, swine and goats to run at large within the corporate limits of the city of Colorado City and they are hereby prohibited from running at large in said city. Any such animal, so running at large, is hereby declared to be a nuisance. Any person who shall permit or suffer any of the species or kinds of animals aforesaid, belonging to him or under his control so to run at large shall be deemed the author of a nuisance and guilty of a misdemeanor, and on conviction thereof shall be fined in a sum of not less than one

dollar nor more than ten dollars for each and every ani-
mal so permitted or suffered to run at large by him, and
for each offense."

It is urged that the city had no authority to pass
this ordinance, after the passage by the legislature of the
act entitled, "An act providing for a system of procedure
by the marshal or chief of police in cities and incorporated
towns where animals may be found running at large con-
trary to ordinance; providing for sale of same and disposi-
tion of the funds derived from such sale, and repealing all
acts and parts of acts in conflict therewith." Approved
April 9, 1907. It is urged that this act provides an exclu-
sive remedy by which boards of trustees and city councils
must be governed in legislating pertaining to this question.
We cannot accept this contention. Section 6525, Revised
Statutes, 1908, in part, reads as follows: "The city coun-
cil and board of trustees in towns shall have the following
powers: * * * .. Forty-fifth—To declare what
shall be a nuisance and to abate the same, and to impose
fines upon parties who may create, continue or suffer
nuisances to exist."

Unless this portion of the section was repealed by the
act of 1907 by implication, the city continues to have the
right, by ordinance, to declare that animals running at
large within the corporate limits of the city are a nui-
sance, and to punish, by a fine, the person who suffers or
permits animals belonging to him or under his control to
so run at large. The courts have universally held that
such animal running at large within the corporate limits
of a city is one of the kinds of nuisances which may be
thus summarily dealt with.—*Cochrane v. Frostburg,* 27
L. R. A. 728; McQuillin Municipal Ordinances, Section
441, 442; 1 Dillon's Municipal Corporations, (4th
Ed.), section 402; *State v. Heidenhain,* 42 La. Ann. 483;

*Nehr v. State,* 35 Nebr. 638; *Baldwin v. Ensign,* 49 Conn. 113; Vol. 2 Cyc. p. 437; *Denver v. Mullen et al.,* 7 Colo. 345.

By a careful examination of the act of 1907, and especially when the objects sought to be accomplished are considered as expressed in its title, we are of opinion it was never intended that it should repeal that portion of Section 6525, Revised Statutes 1908 above quoted; but that its principal object was as stated in its title, to provide for a system of procedure *by the marshal or chief of police* in cities and towns where animals may be found running at large, contrary to ordinance. This procedure pertains principally to the sale of such animals and to the disposition of the funds derived from such sale. That portion of section 1 wherein it states that where such prohibition is made by ordinance the same shall be enforced in the following manner, pertains to its enforcement in the disposition of the animal to which the entire act relates. The title as well as its entire substance so indicates.

Section 1 provides for the giving of notice of such impounding, the length of time to be held and the limit of the expense. Section 2, what the notice shall contain. Section 3, the cost of keep. Section 4, for the sale of the animal in case it shall not be claimed. Sections 5 and 6, as to the disposition of the proceeds. Section 7, provides what may be done with an animal in a town or city where no ordinance has been passed. And Section 8 repeals the act of March 25th, 1887, (being upon the same subject) and all other acts or parts of acts inconsistent with the provisions of this act. Repeals by implication are not favored.—*Lovelace v. Tabor M. & M. Co.,* 29 Colo. 62; *Ruthvon v. White,* 16 Colo. 41; *Canfield v. City of Lead-*

*ville,* 7 Colo. App. 453; *City of Denver v. Hart,* 10 Colo. App. 452.

When we take into consideration what was sought to be accomplished by the act of 1907, we find it in no way conflicts with that portion of the provisions of General Section 6525, Rev. Stat., 1908, above quoted, and we do not believe that it was intended by this later act to provide that the impounding procedure was the only remedy that towns and cities were to have, but that in all such cases where the town or city resorted to impounding in order to prevent such animals from running at large, then the ordinance shall provide for its enforcement in the manner prescribed by the statute and that the meaning of the word "shall" as used in the statute is limited to the procedure in enforcing such ordinances. This provides, as was intended, a uniform rule throughout the state for the impounding notice and disposition of cattle found running at large in incorporated towns and cities, a limit upon the expenses in connection therewith, and insures to the owners (who may have large numbers of cattle running at large in different sections of the state) a uniform mode of procedure whereby they may be advised at any time of the impounding and threatened disposition of their stock, yet leaving the city authorities at liberty, as heretofore, with the power to pass ordinances concerning nuisances and the penalties to be fixed against those suffering or permitting the same, which may cover that of allowing animals to run at large within the corporate limits. In such cases the action is against the owner and cannot be maintained without actual notice to him, nor without his day in court. The provisions of the act of 1907 would be unnecessary for his protection as the action is brought personally against him for the suffering of the nuisances. This disposition of the main contention car-

ries with it those pertaining to the instructions given, as well as those refused.

The remaining contention pertains to the sufficiency of the evidence to support the allegations of the complaint. It is claimed that the animal in question was not running at large within the meaning of the phrase. The evidence discloses that this animal was found in the streets of the ciy on the 1st of August and was delivered to the plaintiff in error who took him out of the city the following day; also, that his cattle were frequently found within the city limits, and there is evidence to the fact that they were there through the carelessness or negligence of the owner. The jury having passed upon this question and there being sufficient evidence to support their finding, it should not be disturbed.

Perceiving no prejudicial error the judgment is affirmed.                                    *Affirmed.*

MR. JUSTICE MUSSER and MR. JUSTICE WHITE concur.