## No. 9576.

### THE PEOPLE *v.* FIELD.

1. CONSTITUTION—*Construction.* The constitution, including all amendments thereto must be construed as a single enactment.

Amendments are to be construed as if originally part of the instrument.

A special provision controls as to that to which it is directed, displacing the general provision, while the general controls in all cases to which the special does not apply.

2. CIVIL SERVICE—*Members of Land Board.* There is no such re-
pugnance between the provisions of the constitution as to
civil service (sec. 13, art. XII) and the provisions for the
appointment of State Board of Land Commissioners, (sec. 9,
art. IX) as to render them irreconcilable. A member of the
Land Board holds only for the term for which he was ap-
pointed. He is not continued in office by the articles regulat-
ing civil service.

### Original Proceedings in Quo Warranto.

Mr. VICTOR E. KEYES, Attorney General, Mr. CHARLES
ROACH, Deputy, for The People.

Mr. CHARLES W. WATERMAN, of Counsel.

Mr. MILTON SMITH, Mr. CHARLES R. BROCK, Mr. W. H.
FERGUSON, and Mr. KARL F. CRASS, for respondent.

Mr. Justice Scott delivered the opinion of the court.

This action is an original proceeding in quo warranto to
determine the title to the office of member of the Board of
Land Commissioners of Colorado. The relator claims un-
der and by virtue of an appointment by the governor, con-
firmed by the senate, in compliance with the requirements
of section 9, art. IX, of the Constitution.

This provision of the Constitution was adopted as an
amendment at the general election of 1910, and is as fol-
lows:

"Section 9. The State Board of Land Commissioners
shall be composed of three (3) persons to be appointed by
the Governor, with the consent of the Senate, who shall
have the direction, control and disposition of the public
lands of the State under such regulations as are and may
be prescribed by law, one of which persons shall at the
time of his appointment be designated as president of the
board and whose office shall expire on the second Tuesday
of January, 1917, one of which persons shall at the time
of his appointment be designated as register of the board
and whose term of office shall expire on the second Tues-
day of January, 1915, and the third member of said board
shall at the time of his appointment be designated as the

engineer of the board and shall always be professionally a civil engineer who, for at least five (5) years, has been actively engaged in the practice of his profession and whose term of office shall expire on the second Tuesday of January, 1913; and the successor and successors of the first members of the board shall each be appointed for the term of six (6) years. * * * The members of the board shall each receive a salary of three thousand dollars ($3,000) per annum until otherwise provided by law; but the salary of each member of this board is to be paid out of the income of the said State Board of Land Commissioners."

The respondent claims under and by virtue of section 13, art. XII of the Constitution, adopted as an amendment at the general election of 1918, and known as "The Civil Service Amendment," and in so far as applicable, is as follows:

"Appointments and employments in and promotions to offices and places of trust and employment in the classified civil service of the State shall be made according to merit and fitness, to be ascertained by competitive tests of competence, the person ascertained to be the most fit and of the highest excellence to be the first appointed. All appointees shall be qualified electors of the State of Colorado, except as to those offices or positions held by Civil Service Commission to require special training and technical qualifications, in which case competitive tests need not be limited to qualified electors and may be held without the State.

The classified civil service of the State shall comprise all appointive public officers and employees and the places which they hold, except the following: Judges of courts of record and one stenographer of each judge, one clerk for each court of record, persons appointed to perform judicial functions, receivers, jurors, members of boards or commissions appointed by the Governor and serving without pay, members of the State Industrial Commission, of the Public Utilities Commission and of the State Civil Service Commission, the Governor's private secretary and three confidential employees of his office, appointees to fill vacancies

in elective offices, one deputy of each elective officer, the position involving the duties incident at present to the position of that deputy of the Secretary of State, known as Deputy Commissioner of Labor and the incumbent thereof, officers and teachers in educational institutions not reformatory or charitable in character, all attorneys at law serving as such, and the officers and employes of the General Assembly."

The respondent was duly appointed by the governor and confirmed by the senate to fill an unexpired term, expiring on the second Tuesday in January, 1919, and was holding under such appointment at the date of the adoption of the civil service amendment, and at its promulgation, both of which occurred prior to the expiration of the term for which he was appointed.

The only question to be determined is whether or not the office of Member of The State Board of Land Commissioners is one embraced and included in the civil service amendment as being subject to the provisions thereof.

It has been frequently held by this court and generally by all courts, that the Constitution, including all amendments thereto, must be construed as one instrument, and as a single enactment.

So that for the purposes of this case we must consider the two constitutional provisions under consideration, together with all other provisions of the fundamental law, as having been originally written therein, and as stated in *Dixon v. The People*, 53 Colo. 527, 127 Pac. 930:

"To reach a proper solution of the problem it is essential that we take the constitution as it is, including every part thereof relating to the subject matter under consideration, and construe the instrument as a whole, causing it, including the amendments thereto, to harmonize, giving to every word, as far as possible, its appropriate meaning and effect."

So construed then, does the civil service provision change, modify or repeal Sec. 9, Art. IX, or is it so repugnant to

that article as to justify the conclusion that the respondent is, and was, intended to be included within its provisions.

The civil service provision contains no repealing clause, and specific reference is nowhere made therein to the State Board of Land Commissioners, nor to the members thereof.

Therefore if it is to be held that the office of the respondent is included within the civil service provision it must be because that Article repeals sec. 9, art. IX, by implication, or that the latter article is so repugnant to the former, that the two provisions may not be reconciled.

We have held it to be a universal rule, that repeals by implication will not be favored, and that it is only in cases where a conflict clearly and unavoidably exists, may this doctrine be invoked. In re *Funding Indebtedness,* 15 Colo. 430, 24 Pac. 877, we have further held that such repugnancy must appear to be so clear and positive that the two enactments cannot consistently stand together.

Upon this point we said in *Schwenke, et al. v. Union Depot Co.,* 7 Colo. 512, 4 Pac. 905:

"The law does not favor repeals by implication; they will not be adjudged to follow, unless there is such a positive repugnancy that the two statutes cannot consistently stand together; the legislative intent to substitute the new for the old law must clearly appear; this intent is never *prima facie* presumed. Potter's Dwarris, p. 155, and cases cited; Bishop on Written Laws, sec. 154, and cases."

And in *Lovelace v. Tabor Mines & Mills Co.,* 29 Colo. 62, 66 Pac. 892:

"Repeals of this character are not favored. Where there is an apparent conflict between two statutes, the latter in the absence of a clear legislative intent to substitute the new for the old law, will not be adjudged to effect a repeal of the previous statute on the same subject, unless there is such a positive repugnancy that the two cannot consistently stand together."

The rule is stated with great clearness in Lewis' Sutherland on Statutory Construction, approved in *Harrington v. Harrington,* 58 Colo. 154, 144 Pac. 201, where it is said:

"If, by fair and reasonable interpretation, acts which are seemingly incompatible or contradictory may be enforced and made to operate in harmony and without absurdity, both will be upheld, and the later one will not be regarded as repealing the others by construction or intendment. As laws are presumed to be passed with deliberation and with a full knowledge of all existing ones on the same subject, it is but reasonable to conclude that the legislature, in passing a statute, did not intend to interfere with or abrogate any former law relating to the same matter, unless the repugnancy between the two is irreconcilable. In the endeavor to harmonize statutes seemingly incompatible, to avoid repeal by implication, a court will reject absurdity as not enacted and accept with favorable consideration what is reasonable and convenient. * * * The act being silent as to repeal and affirmative, it will not be held to abrogate any prior law which can reasonably and justly operate without antagonism. 'It is a reasonable presumption that all laws are passed with a knowledge of those already existing, and that the legislature does not intend to repeal a statute without so declaring.' "

It will be noted also that sec. 9, art. IX, is a special provision of the Constitution, and deals with a special object. It creates the State Board of Land Commissioners, limits its membership to three, commands that one member shall be a professional engineer who shall have been actively engaged in his profession for five years; empowers the board to dispose of the public lands of the state, under statutory regulations, which in turn confer great powers and broad discretion, fixes the tenure of office, and specifically provides for the manner and method of appointment.

A member of such board thus clearly is made a constitutional officer, deriving all his powers from constitutional authority.

Plainly there is no such repugnance between these two provisions of the constitution as to make them irreconcilable. If these two alleged conflicting provisions had been

contained in the constitution as originally adopted, the one dealing with a special and particular subject, the other general, and dealing with employees generally, can it be said that the special provision was not in the minds of the framers when drafting the general provision. Yet this furnishes the test to be applied in this case. The rule is well settled that where there is conflict between a general and special provision of the constitution, the special controls that which it was intended to control.

This rule is stated in 12 C. J. 709, to be:

"When general and special provisions of a constitution are in conflict, the special provisions should be given effect to the extent of their scope, leaving the general provisions to control in cases where the special provisions do not apply. And particular intent, incompatible with a general intent, will be treated as an exception."

And Bishop on Written Laws, sec. 126:

"As already mentioned the more specific provision controls the general without regard to their comparative dates; the two operating together, and neither one working a repeal of the other."

And by our own court in *People v. Cassiday*, 50 Colo. 503, 117 Pac. 357:

"The opinion ignores the fact that special and general provisions of the constitution stand together. Neither destroys the other. The special controls that which it was intended to control, and to that extent displaces the general, while the general controls in all cases where the special provision does not apply."

It seems to be generally held that when one section of the constitution expresses a general intention to do a particular thing, and another expresses a particular intention incompatible with the general intention, the particular intention is to be considered in the nature of an exception, *Smith v. Grayson County*, 18 Tex. Ct. App. 153, 144 S. W. 921, *McGraw v. Mo. P. Ry. Co.*, 230 Mo. 496, 132 S. W. 1076; *Martin v. Election Com.*, 126 Cal. 404, 58 Pac. 982.

But there is another rule of construction with which the respondent's contention does not meet the test. That is to say that to work an amendment of an existing constitutional provision, the intent to do so, which is to be gathered from the language employed, must be clear and unmistakable. *El Paso Co. v. Sheldon,* 59 Colo. 499:

In this case there is no expressed intent to amend, repeal or modify the special provision relating to the method of appointment of the members of The State Board of Land Commissioners. Neither do we think such an intent can be reasonably inferred from the language used. Perhaps there is no other Colorado State Board charged with more important, independent, discretionary, or quasi judicial powers, than the State Board of Land Commissioners.

The stated exceptions from the operation of the law seem to include every other board with like important, or similar discretionary powers. These exceptions include not only judges of courts of record, and certain of their confidential employees, but members of state boards who serve without pay, and these include those who have charge of the state's educational, penal and charitable institutions, involving the exercise of important discretionary powers. The exemption also extends to deputies of elective heads of executive departments. Also the State Industrial Commission, the Public Utilities Commission, the State Civil Service Commission, and the Deputy Labor Commissioner, all having quasi judicial and discretionary powers, but none more so than those of the State Board of Land Commissioners.

It is more reasonable to assume that the latter board was omitted from the list of express exceptions, by reason of the well known constitutional provision fully providing for the method and manner of appointment which does not obtain as to any other of the exceptions, rather than that this board was omitted from such list of exceptions because of any intent to include such board within the operation of the law.

Again we must take cognizance of the purpose, nature and character of civil service laws involving the merit system in government. Their scope is generally limited by statutes so as to exclude from their operation certain classes of public officers and employees; such as those made by law subject to confirmation by legislative bodies, heads of departments, professional experts, positions of a confidential nature, and those involving the exercise of judgment and discretion in important matters, as well as judges, their clerks and confidential employees. 5 R. C. L. 615.

It must be assumed that those who framed and promulgated the constitutional provision had in mind the general purpose and practical operation of legislation of this character, and were, in the absence of contrary expression, without intent to include within the operation of the law, officers and employees of the kind generally exempted, particularly those, otherwise expressly provided for, by specific enactment.

The list of express exemptions tends to confirm this view. We must conclude therefore that the members of the State Board of Land Commissioners are not included, and were not intended to be included within the operation of the civil service amendment.

It is therefore ordered that the respondent, John E. Field, be and is hereby ousted and excluded from the office of member of the State Board of Land Commissioners, and that the relator, William R. Murphy be inducted into said office.

*En banc.*

Teller, J., not participating.