The Honorable Richard D. Lamm 136 State Capitol Denver, Colorado 80203
Dear Governor Lamm:
This is in response to your opinion request dated April 5, 1982 regarding the proposed department of public safety.
QUESTIONS PRESENTED AND CONCLUSIONS
You raise two questions with regard to the creation of a new department of public safety which would necessitate replacement of an existing state department:
1. Can the Department of Personnel be combined with another department so that it would be responsible for functions beyond the state personnel system, such as administration or planning and budgeting?
 Under article XII, section 14(4) of the Colorado Constitution, the Department of Personnel must be maintained as a separate department responsible only for personnel matters.
2. Can the Department of Military Affairs be made into a division within a new department of public safety? Is there any difficulty created by having the adjutant general of the state the head of the division rather than the department?
 Neither federal nor state law requires that military affairs be maintained as a separate department. If the adjutant general were the head of a division, he would continue to be appointed by the governor and would be exempt from the personnel system.
ANALYSIS
Your questions arise because the Colorado Constitution, article IV, section 22, limits the number of principal departments in the executive branch to twenty and there are presently twenty departments. Creation of a new state department of public safety will require realignment of the existing departments.
The Department of Personnel is established by article XII, section 14(4) of the constitution, which states in relevant part:
 There is hereby created the department of personnel, which shall be one of the principal departments of the executive department, the head of which shall be the state personnel director, who shall be appointed under qualifications established by law.
This provision was added to the constitution by an amendment approved in the 1970 General Election. The analysis of the proposed amendment prepared by the Legislative Council described its effect as follows:
 The amendment would establish a state personnel system in a new and separate Department of Personnel (making the eighteenth principal department) to replace the present classified Civil Service System in the Department of Administration. The Department of Personnel would be headed by a State Personnel Director, appointed under qualifications established by law to have primary responsibility for the administration of the state personnel system.
Legislative Council, Analysis of 1970 Ballot Proposals
(Research Pub. No. 151) at p. 5.
Both the language of the amendment and the contemporaneous explanation of the amendment by the Legislative Council lead me to conclude that the Department of Personnel must be a separate and distinct department. Adding new functions unrelated to the personnel system to the present Personnel Department would violate article XII, section 14(4).
Unlike the Personnel Department, the Department of Military Affairs was created by statute. C.R.S. 1973, 24-1-127. It is headed by the adjutant general. Id.
The Office of Adjutant General was created in response to the National Defense Act of 1916, which set up the National Guard. The National Guard is the modern militia reserved to the states by article I, section 8, cl. 15, 16 of the United States Constitution. Maryland v. United States, 381 U.S. 41,46 (1964). Under the National Defense Act, each state governor remains in charge of the National Guard, except when the guard is called into active service. In most instances, the governor administers the guard through the adjutant general. Id. Federal law provides that there shall be an adjutant general in each state who shall "perform the duties prescribed by the laws of that jurisdiction." 32 U.S.C. § 314(a). The federal law also recognizes that state law may provide that someone other than the adjutant general perform the duties of the adjutant general. 10 U.S.C. § 281. See, e.g., Cal. Mil. Vet. Code § 160.5.
Under the Colorado Constitution, the governor is the commander-in-chief of the military forces of the state. Colorado Constitution, article IV, section 5. The governor has the power to appoint all general, field and staff officers and commission them. Colo. Const. article XVII, section 3. The adjutant general is the governor's principal staff officer for the military forces. People ex rel. Boatright v. Newlon, 77 Colo. 516,522, 238 P. 44, 46 (1925). See also C.R.S. 1973,28-3-104 and 105.
Although many states have a separate department for the military headed by the adjutant general, there is no federal requirement for that form of organization and, in fact, other states do not have a separate military department. For example, in Connecticut, the military department is not a principal department but is within the department of public safety for administrative purposes. Conn. Gen. Stat. Ann. § 27-19. The Connecticut adjutant general is not classed as a department head.Id. at § 4-5. In Idaho, the adjutant general is the administrative head of the Military Division of the Office of the Governor. Idaho Code § 46-112. Thus, I find no state or federal requirement that military affairs be maintained as a separate department.
If the adjutant general were made the head of a division rather than a department, he still would be appointed by the governor and the office would be exempt from the state personnel system. Article XII, section 13(2) of the constitution provides that the personnel system does not apply to "officers otherwise specified in this constitution." The adjutant general is an officer otherwise specified in the constitution as one of the "general, field and staff officers" appointed by the governor under article XVII, section 3. See also People ex. rel. Murphyv. Field, 66 Colo. 367, 181 P. 526 (1919). Even without the amendment to article XII, section 13 providing an exception for constitutionally created officers, the court in theField case held that members of the State Board of Land Commissioners were exempt from civil service because the offices were established by article XIX, section 9 of the constitution. The court reasoned that the specific constitutional provision dealing with the land commissioners prevailed over the general civil service constitutional provision.
Prior attorney general opinions also concluded that the adjutant general was exempt from the state civil service system.See Attorney General Opinions dated December 3, 1918 and December 16, 1949. The latter opinion stated:
 It has always been held that the commissioned officers appointed pursuant to law . . . are not included in the Classified Civil Service of the state and I concur in such prior holdings since all such persons must be members of the National Guard . . . . The Adjutant General . . . / is / not subject to civil service.
By the terms of article XVII, section 3, the governor would continue to appoint the adjutant general. The authority of the head of a principal department to appoint the heads of his divisions under article XII, section 13(7) is not applicable because of the specific constitutional provision vesting appointment power in the governor and because the adjutant general position is not within the personnel system.
SUMMARY
The Department of Personnel must be maintained as a separate principal department, but the Department of Military Affairs may be merged with another department. If the adjutant general is made the head of a division within another department, he is still exempt from the personnel system and subject to appointment by the governor.
Very truly yours,
 J.D. MacFARLANE Attorney General
NATIONAL GUARD PUBLIC OFFICERS EXECUTIVE BRANCH
10 U.S.C. § 28132 U.S.C. § 314(a)
C.R.S. 1973, 24-1-127
C.R.S. 1973, 28-3-104
C.R.S. 1973, 28-3-105
Colo. Const. art. IV, secs. 5 and 22
Colo. Const. art. XII, secs. 13(2), 13(7) and 14(4) Colo. Const. art. XVII, § 3
GOVERNOR, OFFICE OF Administration PERSONNEL, DEPT. OF MILITARY AFFAIRS, DEPT. OF
With respect to the twenty department rule, Department of Personnel must be maintained as separate department but Department of Military Affairs can be converted to division. Adjutant general would continue to be appointed by the Governor and exempt from State Personnel System.