QUESTION PRESENTED AND CONCLUSION
Question: Does the Colorado Constitution authorize the General Assembly to decide whether positions at state institutions of higher education, not otherwise exempt from the classified system, shall be included within or excluded from the state personnel system?
Answer: Yes. The General Assembly may legislate the inclusion or exclusion of non — exempt positions at institutions of higher education in the state personnel system. The General Assembly must preserve constitutional protections afforded classified state employees when it legislates.
 DISCUSSION
Constitutional Provisions.
The General Assembly and Higher Education. The first Colorado Constitution directed that the Board of Regents of the University of Colorado was responsible for "the general supervision of the University." Colo. Const. art. IX, § 14 (1876). This broad grant of authority to the Regents governed for nearly one hundred years.
In 1972, the citizens of Colorado amended Articles VIII and IX of the state constitution. Under these amendments, state institutions of higher education, including the University of Colorado, are to be governed and supervised by their respective boards "unless otherwise provided by law." Colo. Const. art. VIII, § 5(2) (2002).
Accordingly, the governing boards of state colleges and universities possess general authority over school administration, but are subject to legislation enacted by the General Assembly:
The governing boards of the state institutions of higher education, whether established by this constitution or by law, shall have the general supervision of their respective institutions and the exclusive control and direction of all funds of and appropriations to their respective institutions, unless otherwise provided by law.
Colo. Const. art. VIII, § 5(2). Furthermore, state institutions of higher education, in general, "shall be subject to the control of the state, under the provisions of the constitution and such laws and regulations as the general assembly may provide." Colo. Const. art. VIII, § 5(1).
The 1972 amendment "extends constitutional status to all governing boards for institutions of higher education and clarifies the prerogative of the General Assembly to modify that control by statute." Legislative Council of the Colorado General Assembly, An Analysis of 1972 Ballot Proposals, Research Publication No. 185 at 8 (1972). The 1972 amendment repealed the original grant of authority to the Board of Regents of the University of Colorado contained in Article IX, § 14.
The phrase "unless otherwise provided by law" that is now contained in Article VIII, § 5(2) refers to legislation that specifically affects state colleges and universities. City of Littleton v. State, 855 P.2d 448,454 (Colo. 1993). Thus, the Regents' general power of supervision is a "limited power of `general supervision' only." Colorado Civil Rights Comm'n ex rel. Ramos v. Regents of the Univ. of Colo., 759 P.2d 726, 730
(Colo. 1988). State colleges and universities are subject to legislation that is intended by the General Assembly to apply to institutions of higher education. Id.
The Colorado Civil Service System. Colorado's constitution has addressed the state civil service system since 1918. Colo. Const. art. XII, § 13 (1919) (adopted by initiative petition on November 5, 1918). The civil service provisions in the state constitution were last amended in 1971. Legislative Council of the Colorado General Assembly, An Analysis of Ballot Proposals, Research Publication No. 151 at 5 (1970).
Positions of state employment are currently subject to the state personnel system, but with certain exceptions. The constitution says:
 The personnel system of the state shall comprise all appointive public officers and employees of the state, except the following:
 . . . faculty members of educational institutions and departments not reformatory or charitable in character, and such administrators thereof as may be exempt by law . . .
Colo. Const. art. XII, § 13(2). In addition to the exemption for faculty members and administrators of state colleges and universities, the civil service system is limited by the constitutional grant of specific authority to the governing boards of these institutions pursuant to Article VIII.
Attorney General Opinions.
The Attorney General of Colorado opined that non-academic employees of the University of Colorado were not subject to the state classified system before the amendments to Article VIII in 1972. Op. Att'y Gen. 72-4658 (Mar. 1, 1972). Attorney General Dunbar observed that the status of the law had not changed since an earlier opinion in 1946 had addressed the same question and had come to the same conclusion. The non-academic personnel of state colleges and universities other than the University of Colorado would be subject to the civil service. The general supervision over the University of Colorado specifically granted by the state constitution to the Board of Regents effectively removed non-academic personnel at the University of Colorado from the civil service system.
Attorney General Dunbar relied upon an analysis that specific provisions of law control over general provisions to the extent there are any conflicts between them. See People v. Field, 66 Colo. 367,181 P. 526 (1919) (specific constitutional provision governing appointment of board of land commissioners not subject to Civil Service Amendment). The constitutional provision that provided the Board of Regents of the University of Colorado with general supervision of the school (Article IX, § 14) controlled over the more general Civil Service Amendment (Article XII, § 13(2)), and therefore the University of Colorado's non-academic employees were not included within the state personnel system under Article XII. Attorney General Dunbar also observed that the Civil Service Amendment did not "expressly repeal, or otherwise limit the powers of the Regents," in contrast to another constitutional provision (Article V, § 49, state auditor to audit educational institutions notwithstanding provisions of Article IX, § 14). Op. Att'y Gen. 72-4658 at 6.
In the next related opinion of the Attorney General, Attorney General Moore considered the extent to which governing boards of state institutions of higher education were subject to legislation. A legislative report indicated that the Legislative Council intended that "ultimate control over higher education in Colorado rests with the General Assembly." Op. Att'y Gen. 73-0014 (Apr. 2, 1973) at 3. Attorney General Moore concluded that the 1972 amendments to Article VIII, § 5, brought the University of Colorado within the scope of legislation specifically applicable to boards of higher education. Id. at 5.
Nearly a year later, Attorney General Moore issued another opinion that construed the amendments to Article VIII, § 5 and statutory provisions that included non-exempt personnel of state colleges and universities in the state classified personnel system. Op. Att'y Gen. 73 — 0042 (Dec. 12, 1973). As noted above, these constitutional amendments made state colleges and universities, including the University of Colorado, subject to legislation specifically addressing higher education. Attorney General Moore concluded that non-exempt staff of the University of Colorado was brought into the state personnel system pursuant to legislation that expressly included state institutions of higher education.
The specific legislation which Attorney General Moore found to include the University of Colorado's non-exempt staff in the civil service system is the State Personnel System Act. Id. This statute is applicable to "all employees of the state colleges and universities not otherwise exempted by law. Section 24-50-101 (1), C.R.S. (2002) (formerly section 26-1-1, C.R.S. (1972), Colo. Sess. Laws 1972, ch. 38, § 1, p. 158). Attorney General Moore concluded that the specific reference in this legislation to "all employees of the state colleges and universities not otherwise exempted by law" established that the statute was of a "special nature, i.e., . . . made specifically and expressly applicable to boards of higher education." Op. Att'y Gen. 73-0042 at 2 (emphasis in original).
We conclude that specific statutory provisions that are expressly applicable to institutions of higher education apply to state colleges and universities notwithstanding the constitutional grant of general administrative authority to boards of higher education. Under our constitution, the general authority of boards of higher education is tempered by and subject to legislation made expressly applicable to state colleges and universities. We further conclude that section 24-50-101(1) expressly makes non-exempt employees of state colleges and universities subject to the state personnel system[1].
Consistent with these prior formal opinions, the General Assembly may direct by statute whether the employees of state colleges and universities not otherwise exempt are included in the state personnel system. The later, more specific amendments to Article VIII, § 5 controls the earlier, more general provisions of the Civil Service Amendment.
1. Specific exemptions from the personnel system are determined by "[t]he state personnel director, in consultation with the officers of such educational institutions or departments." § 24-50-135(2), C.R.S. (2002). See also Colorado State Department of Personnel Guidelines for Exemption of Positions in Education Institutions and Departments (April 2002) (providing detailed guidelines for determining exemptions outlined in section 24-50-135).
Preservation of civil service protections for currently classified employees.
Any legislation that provides that university employees are no longer required to be part of the state personnel system is subject to due process constraints and the entitlements provided by the Civil Service Amendment. Colorado's case law describing these limitations is discussed in this section.
Distinctions between the civil service system and employees in higher education are longstanding. In Board of Educ. v. Spurlin, 141 Colo. 508,349 P.2d 357 (1960), the Colorado Supreme Court considered a statute that exempted certain positions in the Department of Education from the state civil service system. The Court held that the statute did not violate Article XII, § 13 of the state constitution. It took note of a statute preceding the original Civil Service Amendment of 1918 that exempted from the civil service "officers and employees in education institutions." Spurlin, 141 Colo. at 517, 349 P.2d at 361 (emphasis in original).
The Court commented on the continued vitality of the statutory and constitutional exemption of certain educational staff from the civil service system: "[p]resence of this exemption in the 1907 law and continued recognition of it in the 1918 constitutional amendment would indicate that the spoils system which civil service reform measures had intended to overcome had not invaded the educational area of government." Id. at 517, 361 — 62. It then observed that "merit and tenure systems had been and continue to be developed in the educational field independently of civil service laws." Id. at 517, 362.
Statutory changes in the application of the civil service system to employees of higher education must recognize and preserve the protected status of existing employees. In Colorado Ass'n of Public Employees v. Board of Regents, 804 P.2d 138 (Colo. 1990), the Colorado Supreme Court struck down statutory provisions exempting University Hospital employees from the state personnel system for this reason.
The Board of Regents of the University of Colorado had previously been restricted by statute (section 23-21-102(3)(c), C.R.S. (1990 Supp.) (formerly part of art. 4 of chapter 124, C.R.S. (1963)) (repealed, Colo. Sess. Laws 1991, ch. 99, § 14, p. 589) from adversely affecting the rights of hospital employees protected under the State Personnel System Act and the Civil Service Amendment. Board of Regents,804 P.2d at 140. New statutes sought to reorganize University Hospital as a corporation that was not subject to laws affecting only governmental or public entities. Id. at 140-41. The statutory reorganization gave hospital employees the option to leave the state personnel system to become an employee of the new corporation or to remain a state employee under contract for a limited period of time. Id. at 141.
The Court concluded that University Hospital remained a state entity and that the statutory scheme violated the Civil Service Amendment. Id. at 142. Specifically, the statute that required classified employees to give up their rights under the state personnel system in order to keep their jobs offended Article XII, § 13, "which protects state personnel from legislative measures designed to circumvent the constitutional amendment." Id. at 146. The Court noted that the statute did not "grandfather" incumbent employees in classified positions, as did another statute addressing the reorganization of the Colorado Compensation Insurance Authority. Id. at 145, n. 10. Cf. People ex rel. Kelly v. Milliken, 74 Colo. 456, 457, 223 P. 40 (1923) (legislature authorized to abolish office of motor vehicle inspectors, but could not circumvent Civil Service Amendment by subsequently creating new office with substantially same duties and appointing new officers).
In contrast, in Department of Human Servs. v. May, 1 P.3d 159 (Colo. 2000), the Colorado Supreme Court upheld an interdepartmental agreement that allowed teachers in the civil service system to transfer either to other positions within the personnel system or to exempt teaching positions. The Court rejected a claim that an agreement between the Lookout Mountain Youth Services Center and Metropolitan State College violated the Civil Service Amendment.
The agreement allowed teachers in the classified system to take new positions at the college exempt from the state personnel system or to retain their protected positions by transferring to other classified teaching positions. The Court observed that, contrary to prior decisions in which state agency reorganizations were held to be unconstitutional, no state employees were separated involuntarily from their classified positions or terminated without retaining the option of remaining in the state personnel system. May, 1 P.3d at 166-67. Instead, teachers in the state personnel system affected by the reorganization had the option to remain in the classified system and retain their pay, status, and tenure benefits. Id. at 171.
Case law demonstrates that any legislation affecting classified employees of state colleges and universities must preserve the constitutional protections provided under the Civil Service Amendment and corresponding legislation and regulations.
 CONCLUSION
The General Assembly may determine whether employee positions at state institutions of higher education, not otherwise exempt under the Civil Service Amendment, should be included within or excluded from the state personnel system. Any legislation must respect all constitutional protections.
Issued this 15th day of October, 2003.
KEN SALAZAR Colorado Attorney General
ALAN J. GILBERT Solicitor General
JOHN D. BAIRD First Assistant Attorney General State Services Section 1525 Sherman Street, 5th Floor.